the court, is not bound by the opinion of any expert. If the opinion, based upon the premises which are before the court or jury, does not commend itself to their judgment, they may reject it without any contradictory testimony. The jury are entitled to have before them the grounds upon which the expert forms his opinion. Where a physician is asked for his opinion in regard, for example, to the permanency of an injury, he must state the grounds upon which he forms his opinion, and then the jury can judge as to whether his opinion is based upon existing conditions. So, in regard to hand-writing, the expert must produce before the jury the writings compared. The jury has the right to inspect them, to examine the writing—both the one disputed and the one with which it is compared, in order that they may see whether the premises upon which the expert bases his opinion have any foundation in fact or not. They also have the right to compare for themselves, and to form a judgment of their own. And no case can be found where an expert has been allowed to testify where the principal premise rests solely in his imagination.

PATTERSON, O'BRIEN, and INGRAHAM, JJ., concur.

---

KUEHN v. SYRACUSE RAPID TRANSIT RY. CO.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1905.)

1. ATTORNEYS—LIEN FOR COMPENSATION—STATUTES.
    Code Civ. Proc. § 66, gives plaintiff's attorney a lien on the cause of action, which cannot be affected by any settlement between the parties. *Held*, that where defendant, who claimed to have effected a settlement with plaintiff, offered to pay plaintiff's attorney whatever costs and compensation he was entitled to, and tendered a sum of money with a request that the attorney state what, if anything, he claimed beyond it, the court had power to determine the amount the attorney was entitled to, and enforce a settlement terminating the cause.

2. SAME—DISCONTINUANCE OF CAUSE—RIGHTS OF ATTORNEY.
    Code Civ. Proc. § 55, provides that if a party has an attorney in an action he cannot appear in person, whether the attorney may appear or act. *Held*, that where, after commencement of trial, defendant offered in evidence a stipulation between himself and plaintiff, of which the latter's attorney had no knowledge, providing for the discontinuance of the action, and no notice or affidavits had been served, the court had no authority, in the absence of a consent on the part of plaintiff's attorney, to discontinue the action.

3. SAME—ADMISSIBILITY OF STIPULATION.
    Where defendant's answer had not alleged a settlement or stipulation in bar of the action, a stipulation between himself and plaintiff for the discontinuance of the action was not admissible in evidence.

4. SAME—SETTLEMENT BETWEEN PARTIES—MOTION TO SET ASIDE VERDICT.
    After commencement of trial, defendant's attorneys introduced in evidence a stipulation for a discontinuance of the action, made between themselves and plaintiff without the knowledge of plaintiff's attorney, and a discontinuance was moved for. Plaintiff's attorney claimed that his client advised him that the stipulation had been procured by fraud, but defendant's attorneys insisted on a discontinuance, and refused to file a supplemental answer setting up the stipulation, so that the question

as to the settlement could be tried, but they remained in the case, protesting against the continuance of the trial. After verdict in favor of plaintiff, defendant moved to set it aside, claiming that the stipulation should be enforced, and could not be contested, while plaintiff's attorney claimed that the verdict could not be disturbed. *Held*, that the verdict would be set aside, and defendant would be permitted to amend his answer so as to set up the stipulation and have a trial as to the validity thereof.

Spring and Hiscock, JJ., dissenting.

Appeal from Trial Term, Onondaga County.

Action by Frederick W. Kuehn against the Syracuse Rapid Transit Railway Company. From a judgment in favor of plaintiff, and from an order denying a new trial on the minutes, and from an order denying a new trial on affidavits, defendant appeals. Affirmed, unless defendant elect to serve a supplemental answer and have a new trial on certain conditions.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Gannon, Spencer & Michell, for appellant.
McLennan & Sargent, for respondent.

WILLIAMS, J. The judgment and orders should be affirmed, with costs, unless the defendant elects to serve a supplemental answer and have a new trial upon the conditions hereinafter provided, in which case the judgment and orders should be vacated and set aside and a new trial granted.

The action was brought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. The injuries were received in an accident upon defendant's street railway while plaintiff was a passenger, October 29, 1903. They were quite severe, and the verdict rendered by the jury for $7,500 was not an excessive one.

The action was commenced November 4, and the answer served November 24, 1903. The trial of the case was begun April 14, 1904. Two days prior thereto, and April 12th, defendant's claim agent, Barnes, went to plaintiff, without the knowledge of plaintiff's attorneys, and made a settlement of the case, and he left with the plaintiff $500 in money. He procured him to sign three papers; one, a release and discharge of the cause of action, in consideration of $500 paid at the time, and of the further sum of $2,000, and a doctor's bill of $200 to be paid thereafter. This paper was acknowledged by plaintiff. A second paper, a receipt for the $500; and the third paper, a stipulation of discontinuance of the action without costs, providing that an order might be entered thereon on the application of either party without notice. This stipulation was also signed for defendant by Connette, its vice president. Two days later, when the case was moved for trial, no objection to proceeding was made by defendant's attorneys, who were present. A jury was called, and the trial was entered upon. Some concession as to the facts was made, and then defendant's attorneys presented to the court the stipulation of discontinuance, and asked for an order there-

under. That was the first the plaintiff's attorneys had heard of the alleged settlement. The plaintiff was not in court, and his attorneys were not aware that any fraud had been practiced upon him in the matter. They objected to any order being granted, and to any proof of the alleged settlement under the defendant's answer, and claimed the right to continue the action to enforce their lien for costs. The defendant's attorneys stated that the defendant would pay whatever costs plaintiff's attorneys were entitled to. Thereupon the trial was adjourned until the next morning, April 15th. When the case was called in the morning the attorneys for the plaintiff had communicated with their client, and then claimed that the alleged settlement and the papers had been procured by fraud practiced upon the plaintiff by defendant's claim agent and a minister, and that the release and stipulation were invalid by reason of such fraud, and they insisted upon proceeding with the trial, regardless of the alleged settlement. The defendant's attorneys insisted upon an order of discontinuance of the action under the stipulation, and again stated the defendant stood ready to pay any costs to which the plaintiff's attorneys were entitled. Considerable talk was indulged in between the court and the respective attorneys, and the court held that, if the settlement was honest as to the plaintiff, the lien of the attorneys was transferred to the fund agreed to be paid to plaintiff; but if the honesty of the settlement was attacked, the defendant would have to amend its answer setting it up, and then the question could be tried before the jury, and that, unless the defendant desired to move to put the case over for the purpose of securing an amendment of the pleadings, the trial would have to go on.

The question of settlement or fraud could not be tried under the pleadings as they then were. The defendant's attorneys did not ask that any amendment be made, or that any postponement of the trial be granted to enable them to procure such an amendment. The case was thereupon opened by plaintiff's attorney, and the taking of evidence was proceeded with. The plaintiff gave evidence, and, in answer to questions by his own counsel, stated that he signed the stipulation that same week, and thereupon defendant's attorneys offered the stipulation in evidence, and asked if the $500 was paid at the time. Objection was made that the stipulation and evidence were incompetent and inadmissible under the pleadings, and the objection was sustained, and exception taken by defendant's attorneys. Other witnesses were examined. The defendant's attorneys remained in the case, and objected to questions asked by plaintiff's attorneys, and moved to strike out evidence taken. None of plaintiff's witnesses were cross-examined, excepting the plaintiff, and he only as to the alleged settlement. After the other evidence had been taken, plaintiff was recalled by defendant's attorneys for cross-examination, and was asked with reference to the settlement and execution of the papers, and the attorneys stated they offered this evidence solely upon the question of the discontinuance, and not upon the subject of release or defense, but it was excluded under the objection by plaintiff's attorneys that it was incompetent and

inadmissible under the pleadings. After the plaintiff rested, defendant's attorneys protested against the continuance of the trial on the ground that it had been discontinued, and called attention to the statement by plaintiff, in answer to his own attorneys, that he signed the stipulation, and asked the court to hold the action had been discontinued and arrest the trial, and to grant an order under the stipulation. They also moved for a dismissal of the complaint on the ground that no cause of action had been established, and the action had been discontinued before the trial was begun, all of which was denied, and an exception taken by defendant's attorneys. The defendant then put the claim agent, Barnes, on the stand as a witness, and proved by him, without objection, the signing of the stipulation by plaintiff and defendant's vice president, April 12, 1904, and the signing of the release at the same time, and offered to prove the payment of the $500 at that time, and offered in evidence the stipulation and release. This evidence was objected to as incompetent and inadmissible under the pleadings, and was excluded with exception to defendant. The defendant's attorneys also called the minister who was with the claim agent when the alleged settlement was made, and proved by him the same facts, and made the same offers to prove as in the case of the claim agent, and the same objections were taken and rulings made and exceptions taken. The defendant's attorneys then tendered plaintiff's attorneys $1,500 in gold for their costs or discharge of their lien therefor upon the settlement, which was refused on the ground that no valid settlement had been made, and plaintiff's attorneys refused to state whether they claimed they were entitled to a larger amount of costs than that tendered. The defendant's attorneys then again asked for an order under the stipulation, which was refused, and objected to the trial proceeding, offered the stipulation in evidence, stated they could not proceed with trial because of their reliance on the stipulation as discontinuing the action, and the court ruled all these things adversely to defendant, under objection and exception as before. The case was summed up by plaintiff's attorneys, defendant's attorneys declining to address the jury. The court charged the jury; at the close of the charge defendant's attorneys excepted to the submission of any questions to the jury, and requested the court to charge as to the right of plaintiff to settle the action, which was refused on the ground that there was no question as to a settlement before the jury. Exceptions were taken to the refusal by the defendant's attorneys. The jury rendered the verdict in question.

The foregoing facts with reference to the occurrences upon the trial appear from the case and exceptions settled and order filed by the court.

Three days later, and April 18th, there was presented to the justice who presided at the trial the stipulation, the release, and the affidavits of defendant's vice president, Connette, its claim agent, Barnes, and its attorney, Gannon, and upon them an order was granted requiring the plaintiff and his attorneys to show cause the next day, April 19th, why the verdict so rendered should not be set aside on the ground that the action was settled and discontinued

before the trial commenced, and why an order of discontinuance should not be granted upon payment to plaintiff's attorneys of their costs, disbursements, and compensation to which they were entitled upon the basis of the settlement. These affidavits were on the subject of the settlement and what occurred on the trial. When the matter came on the next day, April 19th, the plaintiff's attorneys tendered back the $500 received by plaintiff at the time of the alleged settlement, which was refused. They also stated they would credit the $500 on any execution issued on the judgment. They then presented, in opposition to the motion on the order to show cause, the affidavits of plaintiff, his wife, and his attorney, Sargent. The defendant's attorneys objected to the reception of these affidavits (which sought to show the invalidity of the settlement, release, and stipulation by reason of fraud practiced upon the plaintiff) on the ground that the settlement and papers could not be attacked or set aside on that motion; that no application having been made to set them aside before the verdict was rendered, and not having been made before the verdict, could not affect defendant's right to have the verdict set aside. (And this objection was put into the order appealed from.) The court said: "The motion must be denied. I see no reason to change my views as expressed on the trial." The defendant's attorneys also made a motion to set aside the verdict upon the record and proceedings of the trial and what occurred prior to the time, taken by the stenographer, which was denied, with exception to defendant. Defendant's attorneys asked for a stay of 30 days, and the usual time to make a case and exceptions. The court so ordered, the plaintiff to tax costs and enter judgment, and stayed all further proceedings. After all this had occurred, plaintiff's attorneys asked leave to file their affidavits in opposition to the application, which was granted. Then defendant's attorneys repeated their objections to the reception of plaintiff's affidavits already made, and added that they desired and requested the privilege, if they should elect, of filing answering affidavits of the claim agent and minister. This request was denied, with exception. The order appealed from recited the request by defendant to be permitted to file answering affidavits, and the refusal by the court to grant such request. The affidavits filed by plaintiff's attorneys were sufficient to authorize the finding that the settlement and papers were invalid by reason of the fraud practiced upon the plaintiff by the claim agent and minister.

We have thus carefully and in detail stated all the facts bearing upon the questions involved on this appeal as to the alleged settlement and discontinuance of the action. There is no question involved as to the right of the attorneys to continue the trial for the establishment and enforcement of their lien for compensation under section 66 of the Code of Civil Procedure. When the question of a settlement first arose at the trial, the plaintiff was not present, and his attorneys were not aware that any fraud had been practiced upon him. All they could then do was to insist upon their right to continue the trial for their own benefit and the enforcement of their lien. But such right was disposed of by the offer of the de-

fendant to pay whatever costs and compensation the plaintiff's attorneys were entitled to, and the tender of $1,500 for that purpose, with a request that the plaintiff's attorneys state what, if anything, they claimed beyond that amount. Under those circumstances, there was full power in the court, by itself or the aid of a referee, to determine the amount the plaintiff's attorneys were entitled to under section 66 of the Code, and then the settlement would be enforced and the case ended. But when the plaintiff saw his attorneys, he disclosed the fraud practiced upon him, as he alleged, and from that time on the question was, and still is, one merely between the parties, and not between defendant and plaintiff's attorneys. So that the attorneys' rights are not here for consideration, but the plaintiff's rights only. The settlement was made on the 12th of April. The trial began the 14th of April, and then the trouble began. The defendant had a stipulation signed by the plaintiff without the knowledge or consent of his attorneys. If the stipulation had been signed by the attorneys for plaintiff, the order discontinuing could have been entered as of course, and the action would have been at an end, only to be revived by some action on the part of the plaintiff, and such relief might have been secured by motion or action alleging the fraud. In either event the court would have exercised its equity powers, and no right of trial by jury would have existed. It is, however, expressly provided by the Code (section 55), "If a party has an attorney in the action, he cannot appear to act in person where an attorney may appear or act, either by special provision of law or by the course and practice of the court." The stipulation signed by the plaintiff himself could only be made effectual by an application to the court on notice to the attorney, and then the action would not be discontinued merely because the plaintiff had said in his stipulation it might be, but only when the defendant would have a right to such discontinuance regardless of any stipulation. In other words, the stipulation itself would afford no ground for the discontinuance at all. The most that can be said is that on such application the settlement might be alleged, and if, though attacked for fraud, it was found to have been honestly and fairly made, the court might so determine and order the discontinuance.

It might still be asserted with some reason that the court would have no power to settle the question of an honest settlement on motion without plaintiff's consent, as he would then be deprived of the right of trial by a jury of that question. This question did not arise before the trial or verdict here, independently of what took place on the trial and as a part thereof. The defendant had made this settlement two days before the trial began, and concealed the same from plaintiff's attorneys. When the trial was called, defendant's attorneys made no objection to the trial proceeding, and a jury was called and trial was commenced. And then first the stipulation was produced and offered in evidence, and the court was asked for an order in accordance therewith, discontinuing the action. It was not admissible as evidence in the case under the pleadings, and the court so stated, and suggested a supplemental answer

setting up the settlement, and a postponement of the trial, if necessary, to enable that to be done. The defendant's attorneys did not see fit to take that course, but persisted in their position through the whole trial, have ever since, and still do.

So far, therefore, as the trial itself was concerned, the settlement papers were incompetent and inadmissible, as the court held there was no such issue in the case and none for the jury. And the verdict could not be affected thereby. The defendant's attorneys may have acted in good faith in remaining in court and taking part in the trial after this ruling by the court, and in keeping this settlement matter before the jury, but it would seem that the only object they could have had was to so affect the jury as to reduce the amount of the verdict. They had raised the question early in the trial, and had taken the ruling of the court, and interposed an exception to such ruling, and might then have safely taken up their papers and quietly departed; but they kept up their opposition to the very end of the trial, taking exceptions to the charge, and making requests to charge. The position they really assumed and adhered to was, not that they had a right to try this issue in the action under the pleadings, and without a supplemental answer setting up the settlement, but that the trial could not proceed at all; that the case was ended when they presented the stipulation and asked for the order. This was not done until after the trial had commenced. No notice of the application of affidavits with reference to the settlement had been served. The plaintiff's attorneys were not bound to appear upon the motion and answer it merely because they happened to be in court on other business, and the court could not under those circumstances entertain the motion without notice, and in the absence of the consent of the attorneys. It is quite apparent, therefore, that no error was committed by the court in proceeding with the trial, or refusing to hear any motion for discontinuance, or make any order therefor down to the time the verdict was rendered.

After the verdict was rendered, a motion was regularly made and properly brought on under the order to show cause why the verdict should not be set aside and an order of discontinuance be granted, by reason of the alleged settlement, upon payment of the compensation of plaintiff's attorneys by defendant. And the only question remaining is whether this motion was properly disposed of. The decision was not made upon the merits; that is, by reason of any decision that the settlement was procured by fraud, and therefore invalid. That question was not passed upon, as we have already stated, from the stenographer's minutes of the presentation and decision of the motion, it was decided by reference to what the court had held on the trial. Though the plaintiff's affidavits had been presented and objected to, the court had paid no attention to their contents, and it was after the decision had been made that the plaintiff's attorneys asked leave to file the affidavits. This was granted, the defendant's attorneys again objecting to the same. They had no affidavits, and only asked leave to prepare and file some, if they desired. This was refused. The court had no idea

of considering or passing upon the question of fact. If it had, it would undoubtedly have permitted the answering affidavits to be filed, and would then have ordered a reference, and permitted evidence to be taken and reported before deciding the question. The position of the court was that the proper way to settle this question was by a supplemental answer and the trial of the question before a jury, and that it was too late to do that after verdict. The position of defendant's attorneys, taken on the hearing of the motion and recited in the order, was that it was too late after verdict to litigate the question as to the validity or invalidity of the settlement. That was the ground of their objection to the filing of plaintiff's affidavits showing the fraud. So that both sides were in the position of denying the right to try the question of the validity or invalidity of the settlement after the verdict. The defendant's attorneys claimed the settlement should be enforced, could not be contested, while the plaintiff's attorneys claimed, the verdict having been rendered, it could not be disturbed by any alleged settlement. The court took this latter view, and therefore denied the motion to set aside the verdict. It seems to us the defendant was not then entitled as a matter of right to litigate the question. As a matter of favor the trial court might have set aside the verdict and permitted defendant to serve a supplemental answer, as it suggested during the trial it might do, but the attorneys for defendant had so conducted themselves that such favor was refused. The attorneys evidently took their chances of securing a small verdict, but they failed in it, and then even asked for no favor, but insisted upon their right to have the verdict set aside.

We might well affirm the judgment and order, but a majority of the court are of the opinion that the defendant should still have an opportunity to try the question as to the settlement, and therefore, as a favor to defendant, it may have the order and judgment reversed, the verdict set aside, and the right to serve a supplemental answer, and have a new trial upon the payment of all costs in the action since service of the original answer, including costs of this appeal. All concur except SPRING and HISCOCK, JJ., who dissent, and vote for absolute reversal.

SPRING, J. (dissenting). The plaintiff was permanently injured October 29, 1903, while a passenger on one of the cars of the defendant, in a collision with another of defendant's cars. The trial of the action to recover the injuries thus sustained was commenced April 14, 1904, and early in its progress the counsel for the defendant informed the court that he desired to present the written stipulation of the plaintiff settling and discontinuing the action. During the heated and intermittent arguments succeeding this statement, it developed that the plaintiff had settled the case with the agents of the defendant for $2,500, in addition to the physicians' bills which he had incurred, and had signed a formal stipulation settling and discontinuing the action, and providing that an order to that effect might be entered at any time by either party without notice. The settlement was made without the knowledge of the

counsel for the plaintiff, and, quite naturally, they were considerably surprised and angered over the matter. They insisted that it was necessary for the defendant to plead the settlement, as it operated the same as a release or payment, while the counsel for the defendant urged that he was entitled to an order on the stipulation ending the litigation. The counsel for the plaintiff claimed that they had a lien on the cause of action, and a right to continue the same for the purpose of establishing the amount to which their lien attached. The application of defendant's counsel for an order of discontinuance was denied, and the trial proceeded. The plaintiff was not present the first day of the trial, and his counsel had no opportunity to consult with him in reference to the settlement until after the adjournment. On the succeeding day the plaintiff was in court, and his counsel claimed that the stipulation and settlement were accomplished by fraudulent statements and representations to their client, and insisted that he had a right to have that question passed upon before the order of discontinuance was entered. No motion was made by the counsel for defendant for an adjournment to enable it to procure an order discontinuing the action, or for any other purpose. The defendant's counsel remained through the trial, devoting their energies, however, mainly to a fruitless attempt to get in evidence the stipulation and agreement of settlement. The counsel for the defendant, at the close of the evidence, offered to pay the plaintiff's attorneys the amount of their lien, and tendered them $1,500, which they declined to receive, insisting that their client's interests had been jeopardized by a collusive settlement. The jury rendered a verdict for $7,500. The foregoing summary of what occurred during the trial is essential to a proper comprehension of the order appealed from.

After the verdict, and on the 18th day of April, an order was granted requiring the plaintiff to show cause why an order should not be entered setting aside the verdict on the ground that the action had been settled and its discontinuance stipulated by the parties. This order was based upon affidavits showing the alleged adjustment and the execution of the stipulation and settlement agreement by the parties. The order was returnable on the 19th, and the plaintiff's counsel appeared and tendered back $500, which had been paid to the plaintiff pursuant to the terms of the compromise agreement, which the defendant declined to accept. Thereupon, against the protest of the defendant, the plaintiff's counsel read, in opposition to the motion, affidavits setting forth how the adjustment was accomplished, and from which they claimed their client was imposed upon, and induced to settle his cause of action by reason of fraudulent representations and under a misapprehension. The defendant's counsel requested the privilege of filing answering affidavits, which was refused.

There are two or three principles which we think are deducible from this series of events. In the first place, the parties had a right to compromise the action. Fischer-Hansen v. Brooklyn Heights R. R. Co., 173 N. Y. 492, 66 N. E. 395; Smith v. The Acker Process Co., 92 N. Y. Supp. 351.

If the settlement was honestly and fairly made, the rights of the attorneys are not paramount to those of their client, and they cannot be heard to repudiate the settlement. They may have a lien on the cause of action, and, if necessary to enable them to secure the compensation to which they are entitled, the adjustment will not be operative against them. The cause of action, however, belonged to the client, and, if the latter is able to meet his obligation to his attorneys, the action will not be continued for the purpose of enforcing their lien, which is a mere incident to the litigation. Primarily, the settlement of the parties ends the lawsuit. In Fischer-Hansen v. Brooklyn Heights R. R. Co., 173 N. Y. 492, the court used this language at page 500, 66 N. E. 395, 397:

"A cause of action is not the property of the attorney, but of the client. The attorney owns no part of it, for a lien does not give a right to property. but a charge upon it. As it is merely incidental, and for the purpose of security only, it would not be reasonable to hold that the Legislature intended it should be the means of blocking an honest and genuine adjustment of controversies. We think the lien is subject to the right of the client to settle in good faith, without regard to the wish of the attorney, and we so held in the Peri Case, where we declared that 'the existence of the lien does not permit the plaintiff's attorney to stand in the way of a settlement.' The right of the parties to thus settle is absolute, and the settlement determines the cause of action, and liquidates the claim."

If, however, the settlement was collusively made, and with the purpose of depriving the attorneys of their compensation, the court will withhold its sanction of the adjustment, although ordinarily anxious to ratify an honest settlement of a pending action. National Exhibition Co. v. Crane, 167 N. Y. 505, 60 N. E. 768.

A settlement made at the instigation of attorneys for the defendant, without the knowledge of the attorneys for the plaintiff, and without making suitable and sure provision for their compensation, ought not to be encouraged, and is viewed with suspicion. As was said in Peri v. New York Central R. R. Co., 152 N. Y. 521, at page 528, 46 N. E. 849, 851:

"The settlement of a litigation ought in fairness to be made with full knowledge of plaintiff's attorney, and under conditions protecting his lawful lien. If he seeks to take an unfair advantage of a desire to settle, he is, as an officer of the court, under its constant scrutiny and control, and will be confined in his lien to his taxable costs, and such additional amount as he may be able to duly establish by agreement, express or implied."

Where an adjustment is made without consulting with the plaintiff's attorney, it would seem as if the orderly procedure is to require a motion or order to show cause, upon notice to the attorney, at Special Term, for the discontinuance of the action. Section 55, Code Civ. Proc. This course enables the attorney to assert his lien, if any exist, and determine the mode to ascertain and provide for its payment. If no action of this kind is taken, the attorney may bring the matter to the attention of the court by petition, when the lien may be determined and enforced. Code Civ. Proc. § 66; Matter of Fitzsimons, 174 N. Y. 15–20, 66 N. E. 554; Peri v. N. Y. C. & H. R. R. R. Co., 152 N. Y. 521, 46 N. E. 849.

The mere fact that the settlement has been made without the

knowledge or assent of his attorneys does not establish that it was collusively made. If honest between the parties, the lien of the attorneys attaches to the fund paid to their client as a result of the adjustment, and, if that is not available, the client must reimburse his attorneys. If the attorneys are not able to obtain their compensation, the action may be continued, not as a right of action between the parties, but for the benefit of the attorneys. Fischer-Hansen v. Brooklyn Heights R. R. Co., 173 N. Y. 492, 499, 66 N. E. 395, 397. The continuance of the action for the purpose of insuring the payment of the attorneys' lien is the last resort, for "it authorizes the trial of a dead lawsuit in the interest of one who never owned the claim upon which it was founded."

In the light of these principles, we will consider the appeal before us. The plaintiff's counsel upon the trial insisted, as already noted, upon the right to prosecute the action to fix their lien. They were not at that time entitled to that relief. There was nothing indicating the extent of their lien, or that the settlement was fraudulently made, or that the avails of the compromise were inadequate to extinguish the lien, or that their client was unable to pay. Upon consultation with the plaintiff, they then claimed the settlement was a fraud. This question the plaintiff had a right to have determined in some way. There was no request by either party for an adjournment to have the effect of the settlement determined, and, as the matter was presented to the trial court, it may be he was justified in continuing the trial, as each counsel was evidently bent on overreaching his opponent. Passing that, however, after the verdict had been rendered, and after a motion for a new trial on the grounds specified in section 999 of the Code of Civil Procedure had been made and denied, the defendant endeavored to obtain the formal order of discontinuance upon the stipulation and upon notice. The plaintiff accepted this challenge, and presented affidavits tending in a measure to show that the alleged settlement was collusive, and that the plaintiff did not comprehend its purport. The plaintiff, therefore, elected to try the genuineness and validity of the compromise upon affidavits at Special Term. The defendant then requested the privilege of filing additional affidavits, which was denied. We think this decision was error. The parties selected the tribunal and the mode of procedure. The plaintiff had a right in some way to attack the fairness of the settlement, if he claimed it was a fraud. No simpler way could be suggested than the mode adopted, only it should have preceded the trial. The defendant in its application very properly limited its affidavits to the fact of the settlement, showing the execution of the papers which formed a part of the moving papers, and its compliance therewith. A prima facie case was made that the parties had adjusted the litigation. When the plaintiff presented affidavits impeaching the validity of the settlement, the defendant ought to have been permitted to read counter affidavits in vindication of its fairness and openness.

I do not assent to the claim that it was necessary for the defendant to set up this agreement and stipulation by supplemental answer. The plaintiff had the right to settle his case, and did so.

He formally consented that either party might procure an order of discontinuance without notice. Upon this stipulation the defendant was entitled to its order, except that the rights of the plaintiff's attorneys must be protected, if necessary to do so. The question of the attorneys' rights, however, is not here, for they are not asserting any lien. The object of a settlement is to get rid of litigation, not to raise a new issue for the jury to pass upon; and, if the attorneys in this case had joined in the stipulation, no one would claim that it was necessary for the defendant to set it up as a defense to obtain the benefit accruing from it. Its execution by the attorneys does not add any to its validity as between the parties themselves. The mere oral statement of the attorneys or the client that it was procured collusively does not impair the effect of the stipulation. Presumptively it was signed honestly, and it remains a valid instrument until impeached in a lawful way. If attacked by either party, the burden is upon him to show its invalidity. If the plaintiff has been overreached, he must prove that fact. The instrument is good until proven inoperative.

Upon a rehearing, the court by a reference, or in its own way, could determine the validity of this settlement. If the determination is reached that it is fairly and honorably made, that ends the case so far as the parties are concerned. Whatever may be the extent of the lien of the plaintiff's attorneys, they cannot bar the settlement. If necessary to protect the attorneys, the court could ascertain if it is necessary to continue the action for that purpose. The disposition of this branch of the motion might depend upon a variety of circumstances, i. e., the extent of the compensation to which they are entitled, the financial status of the plaintiff, whether it was expected that the defendant would, as part of the agreement, attend to the payment of the attorneys for the plaintiff, etc. These matters could very properly be disposed of at Special Term.

The order should be reversed, with $10 costs and disbursements to the appellant, and the matter remitted to the Special Term to be heard and disposed of.

HISCOCK, J. I concur in the opinion of Mr. Justice SPRING that the order appealed from should be reversed.

Subject to the protection of the rights of plaintiff's attorneys, the defendant had an absolute, unqualified right to effect a settlement and discontinuance of the action in question. When this was done and a stipulation of discontinuance taken, the action was, subject to the rights of said attorneys, discontinued and ended, and there was no action left in which it was necessary or proper to set up by supplemental pleading the stipulation of discontinuance. If defendant had done something which merely amounted to a payment or settlement, without a formal stipulation ending the action, it would have been different. If the stipulation had been signed by the attorneys for the plaintiff, the defendant would have been entitled to file it and have a formal order of discontinuance without further notice or proceedings. As long as the stipulation was not signed by the attorneys, it was very likely necessary for the defend-

ant to procure such formal order upon notice to the attorneys, in order that their rights might be protected.

While defendant's attorneys have probably blundered in their practice upon this stipulation in attempting to use it as evidence upon a trial rather than in obtaining an order upon it, I still think that they should not be deprived of a stipulation and settlement, which, subject only to the rights already mentioned, they had a perfect right to make and obtain.   I do not see in the course taken by them, while probably incorrect as a matter of practice, any such evidence of laches or wrongdoing as should deprive them of a lawful step and proceeding in a case.   The stipulation of settlement was certainly made public enough upon the trial of the action, and nobody there seems to have suggested what we think was the proper course for defendant to have pursued in making a formal application for an order upon its stipulation.   Finally, and after more deliberation, the motion resulting in the order appealed from was made, which did present the question in a proper manner, and gave plaintiff's attorneys an opportunity to be heard in protection of their rights and of those of their client, and, when it was urged by them that the stipulation was procured by fraud and misrepresentation, I think the court, either by a reference or by leave to file additional affidavits, should have given defendant the right to meet these allegations.