plaintiff, and defendants appeal. Reversed as to defendants other than Brown, and affirmed as to defendant Brown. D. W. Rockmore, for appellants. S. Plumer, for respondent.

PER CURIAM. Plaintiff's Exhibit A contains an affidavit made by defendant Brown that the value of the property was $510. This is no evidence of the value of the property as against the other defendants. As the court had jurisdiction, the judgment will be reversed as to the defendants other than Brown, and a new trial ordered, with costs to appellants to abide the event, and affirmed as to Brown, with costs.

In re KILHAM. (Supreme Court, Appellate Division, Fourth Department. May 23, 1905.) In the matter of the judicial settlement of the accounts of Charles T. Kilham, as executor, etc.

PER CURIAM. Decree modified in accordance with the holding of the court in matter of disposition of the real property of Henry Taylor, deceased (decided herewith) 94 N. Y. Supp. 1164, and, as so modified, affirmed, with costs. Order to be settled by and before Mr. Justice WILLIAMS on two days' notice.

McLENNAN, P. J., and HISCOCK, J., vote for affirmance of the decree without modification.

KINGSBURY et al. v. BRANDEGEE et al. (Supreme Court, Appellate Division, Fourth Department. May 23, 1905.) Action by Oliver A. Kingsbury and another against John E. Brandegee, as executor, etc., and others.

PER CURIAM. Ordered that the decision of the appeal herein be, and the same is hereby, suspended until the further order of this court, and that the appellants have permission to apply at a Special Term of the Supreme Court for leave to serve a case herein; said application to be made with due diligence.

KIRNAN, Respondent, v. KIRNAN, Appellant. (Supreme Court, Appellate Division, Third Department. June 29, 1905.) Action by Frank Kirnan against Lillian A. Kirnan. No opinion. Interlocutory judgment unanimously affirmed, with costs.

In re KISS. (Supreme Court, Appellate Division, Second Department. June 29, 1905.) In the matter of the application of Armin Kiss for admission to the bar. No opinion. Application granted.

KOONS et al., Appellants, v. POTTER et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. May 3, 1905.) Action by Edward L. Koons and another against Luella H. Potter and Jennie A. Rodgers.

PER CURIAM. Judgment affirmed, with costs.

STOVER, J. (dissenting). I dissent from the decision in this case. The contract, as set forth in the complaint and as found by the referee, provided that the defendants were to furnish "a full and complete tax search and abstract of the title of and to said premises, made by the Buffalo Abstract Company, showing said premises vested in the said defendants as aforesaid by a good and marketable title, and that, in case it appears from an examination of said abstract of title and the records therein referred to that the title to the said premises was in any manner defective or unmarketable, then and in that event the said defendants would, on or before said 1st day of July, 1903, cure all such defects and make the said title in all respects a good and marketable title." I think the fair construction of this agreement is that the plaintiff was entitled to a clear record title, and that the conditions of the contract are not fulfilled by showing outside of the record a title which might be marketable, and that, so far as the clause required a curing of the defects in the record title, it referred to such defects as could be cured of record, and did not contemplate establishing a title outside of the record. The judgment in this action even is not a complete record title, for it binds no one but the parties to this action, and still leaves the title to rest in part in parol. I think the plaintiff was entitled to a marketable record title, and that the title tendered does not comply with the terms of the contract.

KUEHN, Respondent, v. SYRACUSE RAPID TRANSIT RY. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. May 23, 1905.) Action by Frederick W. Kuehn against the Syracuse Rapid Transit Railway Company.

PER CURIAM. Motion to amend order of this court heretofore rendered herein granted. Motion for leave to appeal to the Court of Appeals granted. Form of the order and questions to be certified to be settled by and before Mr. Justice HISCOCK, on two days' notice. See 93 N. Y. Supp. 883.

LAMBERT v. MUTUAL RESERVE LIFE INS. CO. (Supreme Court, Appellate Division, First Department. June 16, 1905.) Action by Robert C. Lambert against the Mutual Reserve Life Insurance Company. No opinion. Motions granted.

LEO et al., Respondents, v. McCORMACK, Appellant. (Supreme Court, Appellate Division, First Department. June 9, 1905.) Action by Arnold Leo and others against John L. McCormack. W. J. Leitch, for appellant. H. Noble, for respondents. No opinion. Judgment affirmed, with costs.

LIGHT, Appellant, v. UTICA & M. V. RY. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. May 17, 1905.) Action by William A. Light, as administrator, etc., against the Utica & Mohawk Valley Railway Company.

PER CURIAM. Judgment and order affirmed, with costs.

HISCOCK, J., not voting.