HENRIETTA JOHNSON, Appellant, *v.* ANDREW ANTONOPOULOS, Respondent.

Second Department, June 5, 1925.

Trial — discontinuance in December, 1921, by stipulation — subsequent stipulation in January, 1922, signed by parties only stated settlement was on merits — order entered discontinued action merely, without stating discontinuance was on merits — second stipulation was attached to order — second stipulation is invalid under Civil Practice Act, § 236 — relation as litigants ended when first stipulation was signed — second stipulation may be attacked in this action.

In a prior action between the same parties upon the same cause of action sued upon in this action, the parties executed a stipulation in December, 1921, to discontinue the action without costs, which provided that an order should be entered to that effect. In January, 1922, before the order was entered, the parties in person executed a stipulation that the action had been settled on the merits and that it be discontinued without costs. An order reciting both stipulations was entered, which did not contain any recital that the settlement was on the merits, but the second stipulation was annexed to the order. In this action the defendant sets up the stipulation and order, claiming that the settlement was on the merits, and the plaintiff alleges that the stipulation for settlement on the merits was procured by fraud.

The second stipulation, which was executed by the parties in person, was invalid, under section 236 of the Civil Practice Act, for under that section a party in an action, who is represented by an attorney, cannot execute a stipulation personally except upon the order of the court.

The relation of the parties as litigants terminated when the first stipulation was executed, and since the order entered did not recite that the discontinuance was on the merits, the defendant has the right now to attack the stipulation entered into between the parties personally, for that stipulation has no greater force than a receipt or release.

APPEAL by the plaintiff, Henrietta Johnson, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 8th day of August, 1924, upon the dismissal of the complaint at the close of plaintiff's case.

*Herman Silverman,* for the appellant.

*George A. Ferris* [*Anton Gronich* with him on the brief], for the respondent.

JAYCOX, J.:

The plaintiff prior to bringing this action brought another action against the same defendant upon the same cause of action. Apparently no attorney appeared for the defendant in that action. On December 27, 1921, a stipulation was signed by the plaintiff in person, by her attorney and by the defendant in person consenting that that action be " discontinued without any costs, and that an order may be entered by either side to that effect without further notice." Later another stipulation was entered into between the plaintiff and the defendant in person. It is dated January, 1922, and recites that the action has been settled on the merits, and consents to a discontinuance without costs. An order reciting both stipulations was entered in the action February 24, 1922. By this order the action was discontinued without costs. No recital of settlement is contained in the order. The second stipulation was annexed to the order, but the first was not. The defendant by his answer sets up as a defense the stipulation and order above recited, claiming that thereby this cause of action against the defendant had been settled on the merits. The plaintiff in a reply alleged that the stipulation containing the words, " settled and discontinued on the merits," was procured from her by fraud. Upon the trial the learned court held that the order discontinuing the prior action was an adjudication and could not be attacked collaterally. The order does not in its recitals, nor in the decretal portion thereof, mention the merits. It discontinues the action, and that is all. If we may refer to the papers annexed to ascertain what has been decided by the court, then no authority to discontinue the action appears. The stipulation is signed only by the plaintiff, and as she appeared by an attorney she could not act in person except by order of the court. (Civ. Prac. Act, § 236; formerly Code Civ. Proc. § 55; *Kuehn* v. *Syracuse R. T. R. Co.,* 104 App. Div. 580, 587; *Fischer-Hansen* v. *Brooklyn Heights R. R. Co.,* 173 N. Y. 492, 499.) Therefore, upon the papers as presented to the court, the court was without authority to act. The plaintiff, however, does not dispute the propriety of the discontinuance, as a proper consent had theretofore been signed by the attorney, but she does claim that the entry of that order was not an adjudication which protects the stipulation from collateral attack. When the first stipulation was made agreeing to a discontinuance of the action, that was a termination of the action. Their relation as litigants ended at that time, and all that either had a right to do in the action was to enter the order provided for in the stipulation. They, however, had a perfect right to settle their differences, and a settlement fairly made by them for which there was a consideration would

**326** Rizzuto *v.* U. S. Shipping Board Emergency Fleet Corp.

Second Department, June, 1925. [Vol. 213

unquestionably be valid. This stipulation, however, upon the facts now shown, rests upon no better basis than a receipt or release. The question of the validity of such an instrument may be determined in an action brought to enforce the original cause of action. (*Warner* v. *Star Co.*, 162 App. Div. 458; *Boxberger* v. *N. Y., N. H. & H. R. R. Co.*, 237 N. Y. 75.)

The judgment should be reversed upon the law and a new trial granted, costs to abide the event.

KELLY, P. J., MANNING, YOUNG and KAPPER, JJ., concur.

Judgment reversed upon the law and a new trial granted, costs to abide the event.