## Gliwa et al., Appellants, *v.* United States Steel Corporation et al.

Argued October 5, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW and BARNES, JJ.

*Asa L. Carter,* for appellants.

*John J. Heard,* with him *John C. Bane, Jr.,* and *Reed, Smith, Shaw & McClay,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, December 5, 1938:

This appeal is from an order striking off a decree pro confesso.

May 25, 1935, a rule was granted upon plaintiffs' attorney to produce and file his warrant or warrants of attorney for the one hundred and ninety-two persons joined as parties plaintiff, "all other proceedings in this case to be stayed until such warrant or warrants of attorney shall have been produced and filed as aforesaid."*

July 3, 1937, with this stay order in existence, upon a præcipe signed by seven of the one hundred and ninety-two plaintiffs and eleven other persons not parties to the suit, the prothonotary entered a decree pro confesso against defendants for want of an answer. The decree was entered on behalf of all plaintiffs. No warrants of attorney had been filed. No notice was given defendants of the entry of the pro confesso decree. When they discovered it, they presented their petition asking that it be stricken off. The court granted the prayer and from its order we have this appeal.

A number of sound reasons sustaining the court's action might be given. One is so fundamental in legal

---

* See *Gliwa et al. v. United States Steel Corp. et al.,* 322 Pa. 225, 185 A. 584.

procedure that it alone need be stated. When a lawyer has appeared in court for a client and commenced a suit, he alone can act in the matter; the client, until he discharges his attorney and notifies the other side of his having done so, can take no action whatever. Any other rule would be subversive of all orderliness in the conduct of litigation and would work to the manifest disadvantage of the opposing party, who is entitled to rely upon the status of the attorney who represents his antagonist, until he has notice that he no longer does so. Apparently no Pennsylvania case lays down this salutary rule, the reason doubtless being that in the customs among lawyers it has been recognized time out of mind. By text writers and in other jurisdictions it has been stated in terms. "An appearance, as a general rule, is made through an attorney, though it is not necessary that it be so made; one may appear in his own proper person. However, one may not appear by his attorney and in person at the same time": 3 Am. Jur., Appearances, Sec. 7. "A party to an action may appear in his own proper person or by attorney, but he cannot do both. If he appears by attorney he must be heard through him, and it is indispensable to the decorum of the Court, and the due and orderly conduct of a cause that such attorney shall have the management and control of the action and his acts go unquestioned by any one except the party whom he represents. So long as he remains attorney of record the Court cannot recognize any other as having the management of the case. . . . While there is an attorney of record, no stipulation as to the conduct or disposal of the action should be entertained by the Court unless the same is signed or assented to by such attorney": *Board of Commissioners v. Younger*, 29 Cal. 147, 149. "If the party whom he represents at any time becomes dissatisfied, his remedy is pointed out by law—to procure a change or substitution. Until this has been done the client cannot assume control of the case": *Crescent Canal Co. v. Montgomery,*

124 Cal. 134, 146, 56 Pac. 797. For other authorities sustaining the rule, see *Boca & L. R. Co. v. Superior Court of Lassen County,* 150 Cal. 153, 88 Pac. 718; *Abernethy v. Burns,* 206 N. C. 370, 173 S. E. 899; *Electric Utilities Co. v. Smallpage,* 31 P. (2) 412, 137 Cal. App. 640; *De Armond v. Fine,* 111 Miss. 737, 72 So. 145; *Irvin v. Dwight B. Heard Inv. Co.,* 35 Ariz. 528, 281 Pac. 213; *Johnson v. Antonopoulos,* 213 App. Div. 324, 210 N. Y. S. 589. For additional citation of cases, see 6 C. J. 643, note 6.

Order of the court below striking off the decree pro confesso is affirmed at appellants' cost.