## Gliwa et al., Appellants, *v.* United States Steel Corporation et al.

Argued March 18, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Asa Carter,* for appellants.

*John C. Bane, Jr.,* with him *John J. Heard* and *Reed, Smith, Shaw & McClay,* for appellees.

PER CURIAM, April 15, 1940:

The order is affirmed on the opinion of Judge KEN-NEDY as follows:

"The defendants in this proceeding, on February 6, 1939, filed a petition citing the plaintiffs and their attorney to show cause why a judgment of *non pros* should not be entered. A counter-statement to the petition was filed by counsel for the plaintiffs. Judgment of *non pros* was entered, on March 8, 1939, at bar, after oral argument of counsel for the defendant petitioners and for the plaintiffs, when it was admitted by counsel for the plaintiffs that he was unable to obtain powers of attorney from the alleged plaintiffs named in the original bill of complaint. This opinion is filed in compliance with the rules of the Supreme Court, we having been notified that an appeal from the order granting judgment of *non pros* has been taken to that Court.

"It appears from the record that Agnes Gliwa, one of the plaintiffs, who avers that she is also representing 190 other plaintiffs, has not complied with the order of the Supreme Court, to arrange to have powers of attorney signed by these alleged plaintiffs, authorizing counsel for the plaintiffs to represent them and to proceed with the action. On June 25, 1936, the Supreme Court, speaking through Chief Justice KEPHART, in an appeal in this case, at *Gliwa et al. v. U. S. Steel Corporation et al.,* 322 Pa. 225, decided that, on petition of the defendants, it was necessary for counsel for the plaintiffs to file warrants of attorney, to proceed in this bill in equity, to abate an alleged nuisance and claims for property damages.

"This case again came before the Supreme Court, when a decree *pro confesso* was taken against the defendants for want of an answer, on præcipe of certain alleged plaintiffs. This Court struck off the decree *pro confesso*, referring to its former order of May 25, 1935, that all proceedings would be stayed until warrants of attorney were filed by counsel for the plaintiffs. The Supreme Court, in the case of *Gliwa et al v. U. S. Steel Corporation et al.*, 332 Pa. 515, on December 5, 1938, speaking through Mr. Justice SCHAFFER, again affirmed the action of this Court.

"At the argument, in March of this year, on defendant's rule for judgment of *non pros*, counsel for the plaintiffs neither asked for a continuance, nor suggested that if given additional time his clients would cause to be executed, authority to him to prosecute this case. Had such a request been made, same would have been granted but, as heretofore stated, counsel for the plaintiffs practically agreed that his clients had not, nor would they be able to deliver him warrants of attorney, to show his authority for bringing this case to trial on its merits.

"It is not the duty of an attorney representing the plaintiffs to urge them to sign warrants of attorney to him. His full duty is performed when he prepares the forms for them to sign. If they refuse to so do, then he has completely met all the obligations that his office, as a member of the bar, requires of him.

"Ordinarily, a defendant does not petition for a judgment of *non pros*, for the reason, probably, that the law of Pennsylvania is very definite that there is no obligation upon a defendant to file petitions or motions to facilitate bringing the case to trial on its merits. However, there is no law that precludes a defendant from having pending litigation promptly disposed of, if that defendant so desires. This suit was brought in the Spring of 1935. On May 25, 1936, the Supreme Court affirmed the action of this Court and directed that prop-

er warrants of attorney be filed. On December 5, 1938, the Supreme Court again referred to the lack of warrants of attorney being filed, when it affirmed the action of this Court in striking off a decree *pro confesso*. Plaintiffs have therefore had practically five years to give written authority to their counsel to represent them in this proceeding. Under all of the circumstances, a reasonable time has long since passed, to file these powers of attorney directing plaintiffs' counsel to continue with the action.

"We therefore conclude that the order made at bar, after argument in March of this year, was a proper one."

Order affirmed at appellants' cost.