J-S23027-19

2019 PA Super 267

| | | |
|---|---|---|
| THOMAS P. FARRELL, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMY FARRELL | : | |
| | : | |
| Appellant | : | No. 1424 WDA 2018 |

Appeal from the Order Entered September 13, 2018
In the Court of Common Pleas of Clearfield County Civil Division at
No(s): No. 2015-1381-CD

BEFORE: BENDER, P.J.E., NICHOLS, J., and COLINS, J.[*]

OPINION BY NICHOLS, J.: FILED SEPTEMBER 3, 2019

Appellant LaVieta Lerch, Esq., counsel for Amy Farrell (Ms. Farrell), appeals from the order of contempt directing Attorney Lerch to pay counsel fees to Lea Ann Heltzel, Esq., counsel for Thomas P. Farrell, Jr. (Mr. Farrell). Attorney Lerch claims that she was not in contempt of an order compelling discovery because the order was directed to Ms. Farrell and not Attorney Lerch. We affirm.

We adopt the facts and procedural history set forth in the trial court's opinion.

This case was initiated by the filing of a divorce complaint on behalf of [Mr. Farrell] on September 9, 2015. [Mr. Farrell] is represented by [Attorney Heltzel. Ms. Farrell] proceeded pro se until October 30, 2017[,] when Attorney . . . Lerch entered her appearance on behalf of [Ms. Farrell. Ms. Farrell] filed a praecipe for appointment of master on April 13 of 2018; thereafter, by order of April 16, 2018, Curtis Irwin, Esquire, was appointed

_____

[*] Retired Senior Judge assigned to the Superior Court.

master in divorce. Pre-trial conference with the master was set for May 14, 2018. The parties were to file the required pre-master's hearing documents within no more than 20 days from April 16, 2018. Master's hearing was scheduled for Friday, September 14, 2018[,] by the Honorable Paul E. Cherry.

On August 2, 2018[,] Attorney Heltzel filed a motion to compel. This motion indicates that on May 21, 2018[,] she had made an informal request for production of documents from Attorney Lerch. Having heard and received nothing, follow-up correspondence was mailed on July 9, 2018. Still no response was made.

Trial Ct. Op., 1/18/19, at 1 (some capitalization omitted).

On August 3, 2018, the trial court issued the below order:

And now, this 3rd day of August, 2018 . . . it is ordered and decreed that the Defendant shall within twenty (20) days . . . produce all documents sought by way of Plaintiff's request for production of documents.

Order, 8/3/18 (some capitalization omitted).

The parties do not dispute that Ms. Farrell, acting pro se, typed her answers to Mr. Farrell's requests for production of documents, attached a few documents, and sent them to Attorney Heltzel around August 13, 2018. Ex. D to Mr. Farrell's Mot. to Compel, 9/10/18; see N.T., 9/13/18, at 9. Ms. Farrell's pro se responses included multiple answers in which she expressed an unwillingness to disclose the requested information or documents. Ex. D to Mr. Farrell's Mot. to Compel, 9/10/18, at ¶ 1 ("forgive me on my reluctance to share complete information on such documentation"), ¶ 15 ("Sorry but I will not disclose this information it [sic] does not have any bearing on the court proceedings and is absolutely no one's business"). Several of her

responses were "N/A" and others included personal attacks and other allegations against Mr. Farrell. See, e.g., id. at ¶ 13 (claiming Mr. Farrell had "attacked me in my home multiple times"), ¶ 15 (alleging Mr. Farrell committed insurance fraud), ¶ 16 (asserting Mr. Farrell had "public drunken rants").

Following receipt of Ms. Farrell's pro se discovery responses, the following occurred:

> On Monday, September 10, 2018[, Attorney Heltzel] filed a motion to compel, sanctions and attorney's fees[1] as well as a second pleading, being a motion for continuance. As Judge Paul E. Cherry was on vacation that week, [Mr. Farrell's] motions were given to [President Judge Fredric J. Ammerman] for disposition.

Trial Ct. Op. at 2 (some capitalization omitted).

The trial court denied the motion for continuance and scheduled a hearing on Mr. Farrell's motion to compel, sanctions, and attorney's fees for September 13, 2018. Ms. Farrell filed an answer and also filed a motion to compel and for attorney's fees of $1,500, each prepared by Attorney Lerch. The trial court also scheduled the hearing on Ms. Farrell's counseled motion for September 13, 2018. As noted above, the master's hearing was scheduled for the next day, September 14, 2018.

---

[1] Attached to Mr. Farrell's motion to compel as an exhibit was the above-referenced Ms. Farrell's pro se typewritten responses to Mr. Farrell's requests for production of documents. Ex. D to Mr. Farrell's Mot. to Compel, 9/10/18. Neither Ms. Farrell nor Attorney Lerch signed the pro se responses.

At the September 13, 2018 hearing, the trial court addressed Mr. Farrell's motion to compel first. Attorney Heltzel indicated that she received additional documents that morning but that Ms. Farrell's response was still inadequate. N.T., 9/13/18, at 3. Attorney Heltzel identified the documents she still needed. Id.

The trial court then inquired about Exhibit D that was attached to Mr. Farrell's motion to compel. Id. at 4. The following exchange occurred:

> THE COURT: [E]xhibit D . . . is one page, and it has numbered paragraphs, and it appears to me that this was written specifically by [Ms. Farrell] and not by [Attorney Lerch]; is that correct?
>
> ATTORNEY LERCH: That's correct. Those were the answers to the list of—24 [requests for production of documents] that [Attorney Heltzel] was requesting, which were provided—
>
> THE COURT: So you just gave it to your client and asked her to write a response?
>
> ATTORNEY LERCH: She wanted to write a response.
>
> THE COURT: I consider this response to be extremely unprofessional, and I really can't believe that this is how you would respond to [Attorney Heltzel's] request. Is this how you practice law? This is unacceptable.
>
> Now, the next thing we have is we have [Ms. Farrell's counseled] motion to compel and for attorney's fees.
>
> \*    \*    \*
>
> THE COURT: . . . [The above motion] was filed yesterday.
>
> ATTORNEY HELTZEL: And [Ms. Farrell's counseled motion to compel] was the first request that I had gotten [from Attorney Lerch] for any documentation, was yesterday . . . with regard to that.

- 4 -

THE COURT: Did you make prior requests for discovery?

ATTORNEY LERCH: Not formal requests, no, nothing other than what was provided . . . in [Attorney Heltzel's] pre-trial statement, but the documentation that was to back that up was not provided to me.

So these weren't surprise requests. All these requests were things that were noted in either [Attorney Heltzel's] pre-trial [statement] or the documentation that had been provided before.

THE COURT: What did you receive from Attorney Lerch requesting information previously? Anything?

ATTORNEY HELTZEL: No, Your Honor.

THE COURT: No letters?

ATTORNEY HELTZEL: I don't think so, no.

\*        \*        \*

THE COURT: Well, clearly, the record reflects that there were no formal legal documents filed for requesting any type of discovery by Attorney Lerch to [Mr. Farrell].

ATTORNEY LERCH: That's correct.

Id. at 4-5. Attorney Lerch and Attorney Heltzel reiterated that they did not receive any informal discovery requests memorialized in writing. Id. at 6.

The trial court then questioned why Ms. Farrell and Attorney Lerch waited until September 12, 2018—one day before the hearing scheduled for Mr. Farrell's motion and two days before the master's hearing—to file a motion to compel. Id. at 8.

THE COURT: . . . It escapes me how [Ms. Farrell's counseled] motion [to compel] could be filed September the 12th, which was yesterday, for a master's hearing, which is scheduled tomorrow, on a case that's three years old and you don't have all this

- 5 -

information that apparently you never bothered to ask for before you filed this motion two days before the master's hearing.

If you don't have this information, how can you possibly intelligently discuss these issues with your client? How can you possibly intelligently determine where this case is headed, what she might be entitled to and try to have any meaningful settlement discussions with Ms. Heltzel escapes me, it's beyond me, in a case that's almost three years old.

So as far as I'm concerned, the only reason that [Attorney Lerch] filed this counseled motion is because [she] was worried about the motion that Ms. Heltzel filed for the half-rear response that she got on her request for production of documents, so this was filed basically to try to equalize the one that she filed. So I'm a real unhappy guy—

\*     \*     \*

ATTORNEY LERCH:—if I can explain, first of all, the answers that were provided, maybe they are unconventional to the [trial c]ourt, but they were the answers and they were provided to counsel and they were also provided in a timely manner in accordance with Judge Cherry's [August 3, 2018] order. Actually, I think it was before the 20 days was up, but I can't recall that exactly, so I don't know that for sure.

But, substantially, everything was given. And if there wasn't, there was an explanation for that. I never received any indication that it wasn't acceptable. I had no communication from counsel.

Id. at 8-9.

After a further exchange between the trial court and Attorney Lerch, the

trial court issued the following order:

AND NOW, this 13th day of September, 2018, this being the date set for argument on [Ms. Farrell's] motion to compel and for attorney's fees, it is the ORDER of this court that for the reasons as discussed during the hearing, as are a matter of record, it is the ORDER of this court that [Ms. Farrell's] motion to compel and for attorney's fees be and are hereby DISMISSED.

> This also being the date for presentation of the [Mr. Farrell's] motion to compel, sanctions and attorney's fees. It is the ORDER of this court that the said motion be GRANTED to the extent that the court believing that [Ms. Farrell's] counsel, Lavita Lerch, Esquire, is in contempt of the order of the Honorable Judge Paul Cherry of August 3, 201[8], and shall pay attorney's fees to [Mr. Farrell's] attorney, Lea Ann Heltzel, in the amount of fifteen hundred ($1500.00) dollars within no more than thirty (30) days from this date.
>
> In addition, [Ms. Farrell] shall not be permitted by the master to present any documentation in this case that hasn't been previously provided to [Mr. Farrell's] counsel.

Order, 9/13/18, at 1.[2]

On September 19, 2018, Attorney Lerch filed a motion for reconsideration, challenging the trial court's order finding her in contempt of the trial court's August 3, 2018 order directing that Ms. Farrell produce all responsive documents within twenty days. Attorney Lerch's Mot. for Recons., 9/19/18, at 1. Attorney Lerch contended that there was no factual basis that she was in contempt but did not challenge the amount of counsel fees awarded.

Attorney Lerch filed a timely notice of appeal on October 2, 2018, and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

---

[2] We acknowledge that at the hearing, the court orally ordered that "Defendant is in contempt." N.T., 9/13/18, at 11. Because no party has raised that discrepancy, and because the court and the parties have relied on the written order as set forth above, we decline to address the discrepancy.

On October 9, 2018, the trial court held a hearing on Attorney Lerch's motion for reconsideration. At the hearing, Attorney Lerch argued that she could not be held in contempt because she was not subject to any court order. N.T. Recons., 10/9/18, at 2-3. Attorney Lerch reasoned that Judge Cherry's August 3, 2018 order to compel was directed to "the parties and not on counsel."[3] Id. at 2. On October 10, 2018, the trial court denied Attorney Lerch's motion for reconsideration and sua sponte reduced the counsel fees awarded to Attorney Hetzel from $1,500 to $900. Order, 10/10/18; see also N.T. Recons. at 8. Attorney Lerch also filed a motion to stay the order pending the appeal, which the trial court granted.

Attorney Lerch raises the following issues:

1. Did the [trial court] abuse its discretion and err as a matter of law in finding that [Attorney Lerch] is personally in contempt when there are no facts supporting such a finding.

2. Did the [trial court] abuse its discretion and err as a matter of law in finding that [Attorney Lerch] is personally in contempt when no order existed requiring counsel to comply with any such order.

Attorney Lerch's Brief at 4 (some capitalization omitted).

We summarize Attorney Lerch's arguments in support of both of her issues together. She contends that she cannot be held personally in contempt because the trial court's August 3, 2018 order did not require her to comply. Id. at 11. Attorney Lerch maintains there was no evidence that the order also

_____

[3] At the hearing, Attorney Lerch did not contest the amount of counsel fees.

applied to counsel. Id. at 12. It follows, Attorney Lerch reasons, that there could be no evidence that she disregarded the court's order. Id.

Regardless, Attorney Lerch argues that the record did not establish any such violation because Attorney Hetzel did not identify the documents she did not receive. Id. at 13. Attorney Lerch asserts that it is "common sense" that the requested documents were in the possession and control of Ms. Farrell and there was no evidence that Attorney Lerch had any such documents requested by Attorney Hetzel's motion to compel. Id. Attorney Lerch claims it "is hard to conceive how a party's counsel can be personally responsible for obtaining documents from his or her client." Id. at 14.

We review an order imposing sanctions for a violation of a discovery rule for an abuse of discretion. Rohm & Has Co. v. Lin, 992 A.2d 132, 141-42 (Pa. Super. 2010); Luszczynski v. Bradley, 729 A.2d 83, 87 (Pa. Super. 1999). Pennsylvania Rule of Civil Procedure 4019 addresses sanctions for discovery violations:

> (a)(1) The court may, on motion, make an appropriate order if
>
>       \*     \*     \*
>
> (viii) a party or person otherwise fails to make discovery or to obey an order of court respecting discovery.
>
>       \*     \*     \*
>
> (c) The court, when acting under subdivision (a) of this rule, may make
>
>       \*     \*     \*

(4) an order imposing punishment for contempt . . .

(5) such order with regard to the failure to make discovery as is just.

Pa.R.C.P. 4019(a)(1)(viii), (c)(4)-(5). Rule 4019(g)(1) states "the court on a subsequent motion for sanctions may, if the motion is granted, require the party or deponent whose conduct necessitated the motions or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses, including attorney's fees . . . ." Pa.R.C.P. 4019(g)(1) & note.

Initially, with respect to Attorney Lerch's argument that she cannot be held in contempt because the trial court's August 3, 2018 order did not specifically name her, she did not cite any pertinent authorities. Therefore, Attorney Lerch has waived that argument on appeal. See In re Whitley, 50 A.3d 203, 209-10 (Pa. Super. 2012) (holding, "[f]ailure to cite relevant legal authority constitutes waiver of the claim on appeal" (citation omitted)).

Regardless, on the merits, the trial court acted within its authority to sanction counsel under Rule 4019 for engaging in conduct that required the moving party to file a motion for sanctions. See Pa.R.C.P. 4019(g)(1). Here, the conduct would include permitting Ms. Farrell's discovery responses that Ms. Farrell prepared herself to be served on opposing counsel—responses that

did not comply with the trial court's August 3, 2018 order.[4]  See id.[5]  As noted above, Ms. Farrell refused to provide some of the requested information and responded "N/A" to others requests with no explanation.  See Ex. D to Mr. Farrell's Mot. to Compel, 9/10/18, at ¶¶ 1, 15.

With respect to Attorney Lerch's argument that counsel can never be personally responsible for obtaining documents from her client, we disagree. Attorney Lerch's decision to serve Ms. Farrell's pro se, unresponsive discovery responses that attacked Mr. Farrell and refused to provide documents is a basis upon which the trial court may sanction counsel.  See generally Pa.R.C.P. 4019(g)(1).  Accordingly, Attorney Lerch has not established the trial court abused its discretion in sanctioning her.  See Lin, 992 A.2d at 141-42.

Order affirmed.

_____

[4] We note the Rules of Professional Conduct include an obligation to provide competent representation to a client. 204 Pa. Code Rule 1.1.  Given Ms. Farrell's non-responsiveness, personal attacks, and refusal to provide documents, see Ex. D to Mr. Farrell's Mot. to Compel, 9/10/18, at ¶¶ 1, 13, 15, 16, Attorney Lerch's rationale for serving Ms. Farrell's pro se responses is unclear.

[5] Cf. Gliwa v. U.S. Steel Corp., 3 A.2d 778, 779 (Pa. 1938) (holding that "[w]hen a lawyer has appeared in court for a client . . . , he alone can act in the matter, the client, until he discharges his attorney and notifies the other side of his having done so, can take no action whatever.  Any other rule would be subversive of all orderliness in the conduct of litigation . . . .  Apparently no Pennsylvania case lays down this salutary rule, the reason doubtless being that in the customs among lawyers it has been recognized time out of mind").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/3/2019