|     |     |
| --- | --- |
| 152 | 521 |
| 155 | 139 |
| 152 | 521 |
| 167 | 342 |
| 152 | 521 |
| 173 | ²498 |
| e173 | ⁴500 |

Santi Peri, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.

1. Attorney and Client — Enforcement of Attorney's Lien a Special Proceeding — Appeal from Final Order. An application by the attorney of record of the plaintiff in an action, to vacate a satisfaction of judgment executed by the client and to enforce the judgment by execution to the extent of the attorney's lien thereon, based upon facts wholly distinct from those passed upon on the trial of the action, is a special proceeding and not a motion in the action; and, hence, an order of the Appellate Division, affirming an order granting the application, is appealable to the Court of Appeals, as an order finally determining a special proceeding. (Const. art. 6, § 9; Code Civ. Pro. § 190, subd. 1.)

2. Notice of Claim of Lien not Necessary — Code Civ. Pro. § 66. It is not necessary for an attorney to give notice of his claim to the other party or his attorney, in order to protect the lien for his fees and disbursements upon a judgment in his client's favor, given him by section 66 of the Code of Civil Procedure, as amended in 1879.

3. Settlement without Knowledge of Attorney. The attorney's lien given by section 66 of the Code of Civil Procedure is a statutory lien, of which all the world must take notice, and any one settling with a plaintiff without the knowledge of his attorney, does so at his own risk.

4. Protection of Attorney by Court. The statutory attorney's lien operates as security, and if a settlement is entered into by the parties in

disregard of it and to the prejudice of the plaintiff's attorney, by reason of the insolvency of his client, or for other sufficient cause, the court will interfere and protect its officer by vacating the satisfaction of judgment and permitting execution to issue for the enforcement of the judgment to the extent of the lien, or by following the proceeds in the hands of third parties, who received them before or after judgment impressed with the lien.

5. CONTROL OF ATTORNEY BY COURT. If a plaintiff's attorney seeks to take an unfair advantage of a desire of parties to settle, he is, as an officer of the court, under its control, and will be confined in his lien to his taxable costs and such additional amount as he may be able to duly establish by agreement, express or implied.

*Peri* v. *N. Y. C. & H. R. R. R. Co.*, 12 App. Div. 625, affirmed.

(Argued March 15, 1897; decided April 20, 1897.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 28, 1896, which affirmed an order of the Special Term vacating the satisfaction of a judgment entered herein for the plaintiff and directing the sheriff to enforce such judgment to the extent of the lien of the plaintiff's attorneys thereon.

The facts, so far as material, are stated in the opinion.

*James F. Gluck* for appellant. The amount awarded to the plaintiff's attorneys is not in accordance with the undisputed evidence, but is directly contrary thereto. (*Fowler* v. *Callan*, 102 N. Y. 397 ; *Tuttle* v. *Village of Cortland*, 21 Wkly. Dig. 528 ; *Root* v. *Van Duzen*, 32 Hun, 63 ; *Stahl* v. *Wadsworth*, 13 Civ. Pro. Rep. 32 ; *Kale* v. *Kale*, 9 Civ. Pro. Rep. 241 ; *Oliwell* v. *Verdenhalven*, 7 N. Y. Supp. 101 ; *Keane* v. *Keane*, 86 Hun, 159.) The evidence does not warrant a finding in favor of a lien by the plaintiff's attorneys for any sum except for taxable costs ; because, even assuming that a valid lien for one-half of the amount of any settlement existed by contract between the plaintiff and his attorneys, no notice thereof prior to settlement was ever served upon the defendant ; and in such case the defendant was at liberty to settle with the plaintiff without incurring any liability except for taxable costs. (*Wright* v. *Wright*, 70 N. Y. 98 ; *Mercer* v. *Graves*, L. R. [7 Q. B.] 499 ; Hullock on Costs, 525 ;

*Williams* v. *Carmichael*, 1 Doug. 100 ; *Reed* v. *Dupper*, 6 T. R. 371 ; *Schoale* v. *Noble*, 1 H. B. 23 ; *Furman* v. *Gibson*, 3 Atk. 720 ; *Ormerod* v. *Tate*, 1 East. 464 ; *Wilkins* v. *Batterman*, 4 Barb. 47 ; *People ex rel.* v. *N. Y. Com. P.*, 13 Wend. 652 ; *Martin* v. *Hawks*, 15 Johns. 405.) The evidence does not warrant the finding of law by the referee that plaintiff's attorneys had a valid and binding agreement between them and the plaintiff, that for their services rendered and to be rendered in said action, they were to receive one-half of the damages and also all of the costs and interest on the judgment. (*Krekeler* v. *Thaule*, 49 How. Pr. 138 ; *Buckley* v. *Buckley*, 45 N. Y. S. R. 827 ; *Jerome* v. *Boeram*, 1 Wend. 293 ; *In re Bleakley*, 5 Paige, 311 ; *Cork* v. *Ritter*, 4 E. D. Smith, 253 ; *Dwight* v. *Doda*, 12 Wkly. Dig. 302 ; Story on Agency, § 25 ; *Davis* v. *Peck*, 54 Barb. 425 ; *Ayrault* v. *Chamberlin*, 26 Barb. 83.) This proceeding cannot be maintained, for the reason that the preliminary action requisite to liquidate the amount due between the attorneys and client has not been instituted. (*Bailey* v. *Murphy*, 136 N. Y. 50.) Equitable considerations do not favor a liberal interpretation of the alleged contract in favor of the plaintiff's attorneys. (*Whittaker* v. *N. Y. C. & H. R. R. R. Co.*, 2 Civ. Pro. Rep. 194.)

*George W. Cothran* for respondent. The appeal is from an order and not a judgment. (Code Civ. Pro. §§ 767, 768 ; *In re Reynolds*, 77 N. Y. 631.) The compensation of an attorney is now regulated by agreement between the attorney and his client, and where there is an agreement fixing the amount of such compensation, the attorney has a lien upon the cause of action of the plaintiff, and upon any judgment recovered by the plaintiff in the action for the amount of such compensation, and such lien cannot be affected by any settlement between the parties to the action without the attorney's consent. (Code Civ. Pro. § 66 ; *Keeler* v. *Keeler*, 21 N. Y. S. R. 666 ; *Forstman* v. *Schulting*, 35 Hun, 504 ; *Whitaker* v. *N. Y. & H. R. R. Co.*, 3 N. Y. S. R. 937 ; *Lansing* v.

*Ensign*, 62 How. Pr. 363 ; *Kaufman* v. *Keenan*, 18 N. Y. S. R. 933 ; *Chester* v. *Jumel*, 24 N. Y. S. R. 215.) Notice of an attorney's lien is unnecessary. (*Coughlin* v. *N. Y. C. & H. R. R. R. Co.*, 71 N. Y. 443 ; Code Civ. Pro. § 66 ; *Quinlan* v. *Birge*, 43 Hun, 483; *A. P. Co.* v. *Van Orden*, 64 How. Pr. 79 ; *Kaufman* v. *Keenan*, 18 N. Y. S. R. 933; *Poole* v. *Belcha*, 131 N. Y. 200; *Bailey* v. *Murphy*, 136 N. Y. 50; *Harwood* v. *La Grange*, 137 N. Y. 538; *Coster* v. *G. P.*, *etc.*, *Co.*, 5 Civ. Pro. Rep. 146.) If it were necessary to give notice to protect the lien of the attorneys, such notice was seasonably given in this case. (*Mann* v. *D. & H. C. Co.*, 91 N. Y. 495; *Coppins* v. *N. Y. C. & H. R. R. R. Co.*, 48 Hun, 292 ; 122 N. Y. 557; *Harvey* v. *N. Y. C. & H. R. R. R. Co.*, 19 Hun, 556.) The proper remedy has been pursued. (*Roberts* v. *U. E. R. R. Co.*, 84 Hun, 437; *Guliano* v. *Whitenack*, 9 Misc. Rep. 562 ; *Canary* v. *Russell*, 63 N. Y. S. R. 740 ; *Hommeyer* v. *Beere*, 13 Civ. Pro. Rep. 169.)

BARTLETT, J. This proceeding was instituted by the attorneys for the plaintiff to enforce their lien upon the judgment. The plaintiff recovered judgment against the defendant for damages sustained by personal injuries for $5,000 and costs.

The jury brought in a verdict for $10,000, and the trial judge reduced it one-half. After the sheriff had levied upon sufficient property to satisfy the claim and the General Term had affirmed, the plaintiff, without knowledge of his attorneys, assigned the judgment, and thereafter a settlement was effected for the sum of $4,200, which was paid to the assignee, who was an attorney at law.

The plaintiff was an ignorant Italian laborer and unable to speak the English language. The assignee paid to a creditor of the plaintiff the sum of $2,200, of which the plaintiff was to receive $1,200, and the balance of $2,000 was retained by the assignee.

The referee found that the plaintiff was wholly insolvent except as to the amount of money paid him out of the proceeds of the judgment, and that within a few days after

receiving the money he left this country and returned to Italy, where he still remains.

About the time the action was commenced plaintiff executed, acknowledged and duly delivered an agreement in writing with one of the plaintiff's attorneys, to the effect that he would advance all money for expenses and pay to the attorney one-half of all that he should recover in addition to the costs, disbursements and interest. He further covenanted that he would not settle the action unless his attorney was present.

The attorney of record for the defendant resided in the city of New York, and, as the venue was laid in Erie county, all the papers in the action, after issue joined, were sent to a firm of attorneys in Buffalo, who thereafter acted as the representatives of the New York attorney.

More than a year before the settlement the plaintiff's attorney served upon the Buffalo attorneys the following paper : " Please take notice that we have a lien for one-half of any judgment or settlement recovered in the above-entitled action, and for the costs and interest." This was in March, 1894, and before the General Term had affirmed the judgment.

In this proceeding the Special Term appointed a referee to take proof of the facts and circumstances of the matters set forth in the papers read in support of and in opposition to the application, with direction to report the testimony, together with his findings of fact and conclusions of law to the court. The referee found the facts in detail and stated his conclusions of law, that the agreement was binding and the plaintiff's attorneys were entitled to the amounts therein provided for, and by virtue of section 66 of the Code of Civil Procedure had a lien upon the judgment for the sum so found due, and were entitled to an order vacating the satisfaction of the judgment and to enforce it by execution to the extent of their lien. The referee submitted with his report an opinion.

The Special Term also wrote an opinion and confirmed the report of the referee, and the Appellate Division affirmed the order of confirmation.

A preliminary question is presented by a motion to dismiss the appeal, made by plaintiff's attorneys on the ground that the order appealed from does not finally determine a special proceeding under art. VI, § 9 of the Constitution and section 190, subdivision 1, Code of Civil Procedure.

The plaintiff's attorneys insist that this is a motion in the action, and that the order entered herein is not appealable to this court.

The defendant's counsel, on the contrary, urges that this is a special proceeding which is finally determined by the order in question. We are of the opinion that this is a special proceeding and cannot be regarded in any proper sense as a motion in the action.

At the time this proceeding was instituted, the action had been tried, judgment entered against the defendant and the same had been paid and satisfied. We have here a proceeding by third parties against the defendant upon other issues than those framed in the action and relating to a lien arising out of a state of facts wholly distinct from those passed upon at the trial.

This proceeding, which is invoked by the plaintiff's attorney, is in place of an action to set aside the satisfaction of the judgment. It is conducted as if it were an independent action. In this instance a referee took a large amount of testimony and reported thirty-six findings of fact and four conclusions of law.

It would be an anomaly to hold that a proceeding of this nature is a motion in the action. The motion to dismiss the appeal is denied.

Coming to the merits, it is the contention of the defendant's counsel that while the statute gives an attorney a lien for his fees and disbursements upon a judgment, he can protect himself only by notice to the defendant, or at least to his attorney of record.

Prior to 1879, section 66 of the Code of Civil Procedure simply regulated the agreement an attorney might make in relation to his compensation for services; it read as follows:

"The compensation of an attorney and counsellor for his services is governed by agreement, express or implied, which is not restrained by law."

The courts in construing this section held that an attorney in order to protect his lien must give notice of his claim. In 1879 the legislature added these words to the section : "From the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision, or judgment in his client's favor, and the proceeds thereof in whosoever hands they may come; and cannot be affected by any settlement between the parties before or after judgment."

This language is very comprehensive and creates a lien in favor of the attorney on his client's cause of action, in whatever form it may assume in the course of the litigation, and enables him to follow the proceeds into the hands of third parties, without regard to any settlement before or after judgment.

This is a statutory lien of which all the world must take notice, and any one settling with a plaintiff without the knowledge of his attorney, does so at his own risk. (*Coster* v. *Greenpoint Ferry Co.*, 5 Civ. Pro. Rep. 146.; affirmed without opinion, 98 N. Y. 660.)

It is urged by the defendant's counsel that this construction of the section is against public policy, as the law favors settlements; that the plaintiff's attorney might refuse to disclose his lien, and thereby stand in the way of settlement, and compel parties to litigate who desired to compromise their differences.

This criticism overlooks the fact that the existence of the lien does not permit the plaintiff's attorney to stand in the way of a settlement.

The client is still competent to decide whether he will continue the litigation, or agree with his adversary in the way.

The lien operates as security, and if the settlement entered into by the parties is in disregard of it and to the prejudice of

plaintiff's attorney, by reason of the insolvency of his client, or for other sufficient cause, the court will interfere and protect its officer by vacating the satisfaction of judgment and permitting execution to issue for the enforcement of the judgment to the extent of the lien, or by following the proceeds in the hands of third parties, who received them before or after judgment impressed with the lien. (*Poole* v. *Belcha*, 131 N. Y. 200; *Bailey* v. *Murphy*, 136 N. Y. 50; *Lee* v. *V. O. Company*, 126 N. Y. at page 587.)

There is no injustice or hardship in this rule.

The settlement of a litigation ought, in fairness, to be made with full knowledge of plaintiff's attorney and under conditions protecting his lawful lien. If he seeks to take an unfair advantage of a desire to settle, he is, as an officer of the court, under its constant scrutiny and control, and will be confined in his lien to his taxable costs and such additional amount as he may be able to duly establish by agreement, express or implied.

In the case at bar the undisputed facts show that this settlement was made in disregard of the lien of plaintiff's attorneys, with full knowledge of its existence and in reliance upon the technical point that written notice of the lien should have been served either on the defendant or its attorney of record in the city of New York, instead of upon the firm of Buffalo attorneys, who had actual charge of the litigation.

Without regard to the point that no notice was required, we have the undisputed facts that the attorneys who actually represented the defendant in settling the judgment had notice in writing of the lien, and that the plaintiff is without financial responsibility and has returned to Italy, where he still remains.

There are several minor points taken by the defendant's counsel which we have duly considered, but find nothing leading to a reversal.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.