EDWARD J. MERRIAM, Appellant, *v.* THE WOOD & PARKER LITHOGRAPHING COMPANY, Defendant; BENONI LOCKWOOD, JR., Assignee, Respondent.

1. APPEAL — ORDER OF RESTITUTION. *Quære,* whether an order of restitution of the Appellate Division, made under section 1323 of the Code of Civil Procedure on the application of the general assignee of the defendant in an attachment suit, is a final order in a special proceeding, within the statute governing appeals to the Court of Appeals (Code Civ. Pro. § 190).

2. DISCRETIONARY ORDER. The power of the Appellate Division to grant restitution under section 1323 of the Code of Civil Procedure is discretionary and, when the discretion has been exercised, its decision is final, and the Court of Appeals cannot review the resulting order, or any question involved in it, in the absence of a certificate.

*Merriam* v. *Wood & Parker L. Co.,* 21 App. Div. 638, appeal dismissed.

(Argued January 24, 1898; decided March 1, 1898.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 20, 1897.

The nature of the order and the facts, so far as material, are stated in the opinion.

*Almet R. Latson* for appellant. The order is appealable to this court. (Code Civ. Pro. §§ 190, 768, 1240, 1323, 3333, 3344; *O'Gara* v. *Kearney*, 77 N. Y. 423; *Peri* v. *N. Y. C. & H. R. R. R. Co.*, 152 N. Y. 521; *Gillig* v. *Treadwell Co.*, 151 N. Y. 552; 12 Am. & Eng. Ency. of Law, 301, 302; *Dudley* v. *Mayhew*, 3 N. Y. 9; *McMahon* v. *Rauhr*, 47 N. Y. 67; *Wilmore* v. *Flack*, 96 N. Y. 512; *Hoes* v. *Edison G. El. Co.*, 150 N. Y. 87; *People ex rel.* v. *Campbell*, 152 N. Y. 51.) The summary method of enforcing restitution in pursuance of the statute is applicable only when a final judgment or order has been reversed. (*Haebler* v. *Myers*, 132 N. Y. 363; Code Civ. Pro. §§ 190, 445, 1005, 1216, 1292, 1323, 2142, 2263, 3058; *Einstein* v. *C. C. Co.*, 152 N. Y. 648.) Even though the order reversed by the Appellate Division had been a final order, still the assignee respondent would not be entitled to restitution in this proceeding. (*Haebler* v. *Myers*, 132 N. Y. 363.) The sheriff is not entitled to this fund or any part thereof. (*Pach* v. *Gilbert*, 124 N. Y. 612; *Haebler* v. *Myers*, 132 N. Y. 363.)

*John J. Townsend* for respondent. The $2,635.91 paid to the plaintiff by the sheriff was so paid by virtue of the attachment, and lost to the assignee by means of the erroneous Special Term order, since reversed; restitution is, therefore, proper, either directly to the assignee or to the sheriff, as directed by the court below in its discretion. (*Britton* v. *Phillips*, 24 How. Pr. 111; *Marvin* v. *B. I. M. Co.*, 56 N. Y. 671; *Coster* v. *Peters*, 7 Robt. 386; *Murray* v. *Berdell*, 98 N. Y. 480; *Haebler* v. *Myers*, 132 N. Y. 363; *Gillig* v. *Treadwell Co.*, 151 N. Y. 552; *People ex rel.* v. *Sackett*, 15 App. Div. 290.) It was in the discretion of the court below

whether to grant restitution upon motion, or to remit the assignee to an action in *indebitatus assumpsit.* (*Haebler* v. *Myers*, 132 N. Y. 363; *Lott* v. *Swezey*, 29 Barb. 87; *Gillig* v. *Treadwell Co.*, 151 N. Y. 552.)    Where it is discretionary with the court below to allow either of two remedies this court will not interfere. (*Beards* v. *Wheeler*, 76 N. Y. 213; *P. N. Bank* v. *Bayne*, 140 N. Y. 321.)

O'BRIEN, J.    This is an appeal from an order granting restitution under section 1323 of the Code, made under the following circumstances:    On November 7, 1896, the defendant, a domestic corporation, made an assignment to one Lockwood for the benefit of creditors.    The assignee proceeded to execute the trust, but found substantially all the assigned property in the hands of the sheriff who held it under judgments and attachments obtained prior to the assignment.    One of the attachments was granted and served two days before the assignment in an action against the corporation by the plaintiff, and that is the action in which the proceedings now sought to be reviewed in this court were had.    The assignee made a motion to the court in the action to vacate the attachment, which was denied by an order to that effect entered January 26, 1897.    On the day after the entry of this order the sheriff sold the property in his hands under stipulations from the various creditors who had obtained liens by judgment and execution or by attachment.    On the 23d of February, 1897, the plaintiff recovered judgment in the action against the corporation and issued execution thereon.    On March 1, 1897, the sheriff paid to the plaintiff the amount of the judgment, $2,726.80, from the proceeds of the sale of the property attached, but in the meantime, and before the payment was made, the assignee had appealed from the order denying the original motion to vacate the attachment.    The appeal was decided July 2, 1897, and the order appealed from was reversed, and the original motion to vacate the attachment was granted.    The effect of the decision was that the plaintiff had in his hands the money represented by the judg-

ment, though the attachment under which he had obtained it had been vacated.

On the 8th of October, 1897, the Appellate Division, on motion of the assignee, ordered that the plaintiff make restitution to the assignee, and pay over to him the money thus received. It is from that order that this appeal has been taken. Section 190 of the Code permits appeals to this court as matter of right in three cases only : (1) From judgments finally determining actions. (2) From orders finally determining special proceedings. (3) From orders granting new trials on exceptions, where the appellant stipulates that, upon affirmance, judgment absolute shall be rendered against him. If the order in this case does not fall within some one of the three classes specified, we have no power to review it. Of course, it is not a final judgment in an action, or an order granting a new trial, and this leaves the appellant no ground to stand upon here, unless he can show that it is a final order in a special proceeding.

There is, perhaps, some confusion in the cases with respect to the question as to what is or is not a final order in a special proceeding. (*Gillig* v. *Treadwell Co.*, 151 N. Y. 552; *Peri* v. *N. Y. C. & H. R. R. R. Co.*, 152 N. Y. 521; *Einstein* v. *Climax Cycle Co.*, Id. 648; *Townsend* v. *Chapin*, Id. 649.) In this case, when the assignee made the motion to vacate the attachment, he had acquired an interest in the defendant's property through the assignment. Though not a party, he stood in place of the defendant, and was permitted, under section 682 of the Code, to intervene in the action and take such proceedings as the defendant could take. The proceeding which he took was to make a motion in the action, and it must be confessed that it is difficult to call that a special proceeding. But the nature of that order is not directly involved here. The order before us now is an original order of the Appellate Division granting restitution. It was entitled and made in the action, and would seem to be simply a motion or application in the action, incidental to it, and not in any just sense a distinct or independent proceeding.

But, however the order may be classified, whether in an action or a special proceeding, it is quite clear that the assignee was not entitled to it as an absolute right. The court could grant or withhold the relief in its discretion. (*Haebler* v. *Myers*, 132 N. Y. 363.)

The provision of the Code on the subject of restitution is as follows:

"§ 1323. When a final judgment or order is reversed or modified, upon appeal, the appellate court, or the General Term of the same court, as the case may be, may make or compel restitution of property, or of a right, lost by means of the erroneous judgment or order; but not so as to affect the title of a purchaser in good faith and for value."

The court, instead of leaving the assignee to pursue his remedy for what had been lost by the erroneous order to an action, as it might have done, exercised its discretion to grant summary relief. In the determination of such an application, even though important questions of law are involved, as the learned counsel for the plaintiff claims, the decision is final, and this court cannot review the order, nor any question involved in it, in the absence of a certificate of the court below.

The appeal should, therefore, be dismissed, with costs.

All concur, except PARKER, Ch. J., not sitting, and GRAY, J., absent.

Appeal dismissed.