### SCHRIEVER v. BROOKLYN HEIGHTS R. CO. [1]

(Supreme Court, Special Term, Kings County. December, 1899.)

1. ATTORNEY'S LIEN—SETTLEMENT OF ACTION.
   Under Code Civ. Proc. § 66, which gives the plaintiff's attorney a lien on the cause of action for his compensation which "cannot be affected by any settlement between the parties before or after judgment," a defendant, who, without knowledge of plaintiff's attorney, settled with plaintiff, who is irresponsible, on the failure of plaintiff to pay his attorney becomes liable for the lien of such attorney.

[1] For opinion on motion for reargument, see 61 N. Y. Supp. 890.

2. SAME—CONTINUANCE OF ACTION.

    Where the sum paid in settlement of an action without the knowledge of the plaintiff's attorney will serve as a basis for fixing the amount of his lien for services, it is not necessary to continue the action of which settlement was made, in order· to enforce such lien.

Action by John D. Schriever against the Brooklyn Heights Railroad Company. Motion by plaintiff's attorney to enforce his lien after settlement between the parties. No fraud against the attorney in the settlement was claimed. Granted.

Louis L. G. Benedict, for the motion.

Sheehan & Collin, opposed.

GAYNOR, J. This action was to recover damages for personal injuries. The plaintiff agreed to pay his attorney for his compensation 40 per cent. of the amount that should be realized in the action. The defendant and the plaintiff settled the case by the payment of $350 to the plaintiff. The settlement was made behind the plaintiff's attorney, and without his knowledge. The plaintiff has spent the money, and is irresponsible. Section 66 of the Code of Civil Procedure gave the plaintiff's attorney a lien on the cause of action for his compensation, and says that "the lien cannot be affected by any settlement between the parties before or after judgment," and that "the court," on petition, "may determine and enforce the lien." And it is at last settled that no formal notice of such lien need be given to the opposite party. The statute is itself notice. Peri v. Railroad Co., 152 N. Y. 521, 46 N. E. 849. An attorney's lien is subject, however, to the right of the parties to settle the action. The policy of the law that litigation have an end would seem to forbid a contrary suggestion. But if the money be paid over to the client without the consent of his attorney, and such client is irresponsible, and does not pay the attorney, and the money cannot be reached by the court, the party paying it does so in his own wrong, and does not escape the attorney's lien. He must nevertheless pay the attorney the amount of his lien. The sum paid in settlement serves as a basis for fixing the amount of the lien, the same as a judgment would. No objection has been made to the form of this proceeding, or request that evidence be taken. The motion for leave to continue the action is denied, but let an order be taken that the defendant pay to the plaintiff's attorney $140.