## St. Louis, Iron Mountain & Southern Railway Company *v.* Hays & Ward.

### Opinion delivered April 30, 1917.

1. ATTORNEY AND CLIENT—AGREEMENT FOR FEES.—Appellees, attorneys for plaintiffs, brought suit against appellant, appellees and plaintiffs agreeing that the former's fee should be one-half of whatever was recovered above $500. Without appellee's knowledge, plaintiffs settled the case with appellant for $5,000. *Held*, under Act 293, Acts 1909, appellants were entitled to $2,250 as their fee, and that they had a lien on appellant's property for that sum.

2. ATTORNEY AND CLIENT—LIEN FOR FEES—ENFORCEMENT.—Under the facts as set out above, under § 2, Act 293, of Acts 1909, appellees may enforce their lien against appellant without service of process upon appellant. The act creates a lien upon the cause of action in favor of the attorneys and requires the defendant to take notice of the lien.

3. ATTORNEY AND CLIENT—RIGHT OF A CLIENT TO SETTLE.—The parties to a suit have the right to settle it, but in making the settlement, the act requires that they shall take into consideration the fact that the attorney has a lien upon the cause of action and provides for its enforcement in the action, to the end that the parties may not ignore his lien and deprive him of his rights under his contract with his client.

4. ATTORNEY AND CLIENT—LIEN FOR FEES—ROADBED AND EQUIPMENT OF RAILROAD.—Attorneys brought an action for plaintiffs against a railroad company, which the parties settled without the knowledge of the attorneys. *Held*, under Act No. 293, Acts 1909, and Kirby's Digest, § 6661, the attorneys had a lien for their fees upon the roadbed and equipment of the railroad company.

5. ATTORNEY AND CLIENT—FEES—LIEN—EXTENT.—The lien of an attorney for fees under Act 293, Acts 1909, is a lien on the client's cause of action in whatever form it may assume in the course of the litigation, and the act enables the attorney to assert his lien in the same manner as the client might assert his judgment.

Appeal from Yell Circuit Court, Dardanelle District; *A. B. Priddy*, Judge; affirmed.

*Thos. B. Pryor* and *W. P. Strait*, for appellant.

1. The petition to set aside, quash or vacate the judgment should have been sustained. Kirby's Digest, § 4457; Acts 1909, No. 293; 117 Ark. 504; 120 *Id.* 393; 98 *Id.* 529; 74 *Id.* 552; 71 *Id.* 327; 83 *Id.* 210; 117 *Id.* 515; Kirby's Digest, § 4424.

2. A judgment without notice is void. 58 Ark. 181; 65 S. W. 108; 71 *Id.* 318; *Ib.* 565; 70 *Id.* 418; 50 *Id.* 340; 51 *Id.* 341; 72 *Id.* 107; 122 *Id.* 72; 89 *Id.* 160.

3. It was error to declare the judgment a lien. Kirby's Digest, § 6661.,

4. The court was without jurisdiction. The statute fixes the venue. Kirby's Digest, § § 6067-8; 77 Ark. 415; 109 *Id.* 77. The judgment is null and void. If appellees had a cause of action for contingent fees, it was an independent cause of action, and in effect a new suit, and no service was had on appellant. The Yell Circuit Court had no jurisdiction.. The suit should have been dismissed.

*Hays & Ward,* for appellees.

1. The judgment was a final order and appealable. No motion for new trial was filed and no appeal was taken. The court properly refused to vacate the judgment. Kirby's Digest, § § 4431, 4434; 185 S. W. 774; 190 *Id.* 118. A general statement that petitioner had a valid defense is not sufficient. 102 Ark. 255.

2. Attorneys in this State have liens and the statute prescribes the manner of enforcing them. Act 293, Acts 1909, p. 893; 120 Ark. 392; 173 N. Y. App. 498. Appellees had a just lien under the act. 96 S. W. 512; 144 *Id.* 760; 117 Ark. 504; 120 *Id.* 389. It was properly enforced. *Supra.*

3. There is no error, as justice has been done. 97 Ark. 299; Kirby's Dig., § 6661. Appellant did not raise the question as to the lien in its petition and an issue not raised below will not be determined on appeal. 95 Ark. 593; 75 *Id.* 76; 81 *Id.* 561; 82 *Id.* 260; 88 *Id.* 189; 89 *Id.* 308. Absolute justice has been done and the case should be affirmed.

### STATEMENT BY THE COURT.

Mary E. Burris, the wife of James R. Burris, was injured in a head-on collision between two passenger trains near Ozark on the 5th day of August, 1915. She employed A. S. Hays and J. B. Ward, a firm of attorneys,

to bring suit for damages, for the injuries sustained, against the St. Louis, Iron Mountain & Southern Railway Company. She sued for $50,000, and her husband for $10,000. At the November term, 1916, of the Pope Circuit Court, by agreement of the parties the two cases were consolidated and treated as one cause. There was a trial before a jury which failed to agree upon a verdict and mistrial was declared by the court. The consolidated cause was continued and reset for trial at an adjourned term of the court which convened January 4, 1916. On this day the defendant filed a motion for a change of venue properly supported by affidavits which the court granted, and the venue was changed to the Yell Circuit Court for the Dardanelle District. The case was set for trial on the third Monday in February, 1916. Between the date of the granting of the change of venue, and that set for trial, a compromise and settlement of the lawsuit was entered into between the parties, and the defendant paid Mr. and Mrs. Burris, together, $5,000 in full satisfaction and settlement, and received a written order from them acknowledging the satisfaction and payment of the amount agreed upon and ordering the consolidated case then pending in the Yell Circuit Court for the Dardanelle District to be dismissed. On the day set for trial in the Yell Circuit Court, the defendant appeared by its attorney and filed its motion to dismiss the cause in accordance with the settlement and written order signed by Mr. and Mrs. Burris. On the same day Hays & Ward appeared and objected to the dismissal of the suit. They filed their intervention, alleging that they had entered into a written contract with the plaintiffs for a contingent fee, and that by its terms they were to receive one-half of the whole amount recovered over $500. They asked for judgment for $2,250, and that this amount be declared a lien upon the roadbed and equipment of the defendant.

Counsel for the defendant representing it in the original suit declined to enter its appearance in the intervention of Hays & Ward. The above facts were shown by

Hays & Ward on the trial of their intervention, and the court, on motion, rendered judgment in favor of Hays & Ward against the defendant railway company in the sum of $2,250, and adjudged the same to be a lien on the defendant's roadbed, right-of-way and equipment.

The defendant did not file a motion for a new trial, and did not ask that the judgment be set aside at the term of court at which it was rendered. On the 17th day of July, 1916, in vacation, the defendant railway company filed its petition to set aside the judgment rendered in favor of Hays & Ward for $2,250, and on the 11th day of September, 1916, after hearing the cause, the circuit court rendered judgment dismissing the railway company's said petition. Thereupon the railway company filed its motion for a new trial which was overruled by the court.

The railway company has duly prosecuted an appeal to this court.

Hart, J., (after stating the facts). It will be remembered that the attorneys entered into a contract with the plaintiffs for a contingent fee, that is to say, they were to receive a certain percentage of the amount recovered over $500. The plaintiffs, without consulting their attorneys and without their knowledge, compromised the suit with the railroad company and received in settlement the sum of $5,000. Pursuant to the agreement, the defendant moved to dismiss the cause of action, and the attorneys objected on the ground that their fee had not been provided for in the settlement. They filed their intervention, and the court allowed them the sum of $2,250, being the sum provided for in their contract. Their right to recover depends upon the construction to be given to Act No. 293 of the Acts of 1909, which is entitled "An Act to Provide for an Attorney's Lien and its Enforcement." The act reads as follows:

"Section 1. The compensation of an attorney or counsellor at law for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or special proceed-

ing, or the service of an answer containing a counter-claim, the attorney who appears for a party has a lien upon his client's cause of action, claim, or counter-claim which attaches to a verdict, report, decision, judgment or final order in his client's favor and the proceeds thereof in whosoever hands they may come; and the lien can not be affected by any settlement between the parties before or after judgment or final order.

"Section 2. The court before which said action was instituted, or in which said action may be pending at the time of settlement, compromise, or verdict, upon the petition of the client or attorney, shall determine and enforce the lien created by this act." Acts of 1909, page 893.

This act came up for construction in the case of the *St. Louis, Iron Mountain & Southern Railway Company* v. *Blaylock*, 117 Ark. 504. There the court held that the attorney did not have any interest in his client's cause of action, and for that reason the client might dismiss his cause of action, or might settle with the opposite party without consulting his attorney, but that when there were any proceeds from the litigation, derived by settlement, compromise, or final judgment, the attorney has a lien thereon, of which he can not be deprived by the parties to the lawsuit, by any settlement they may make.

In the subsequent case of the *St. Louis, Iron Mountain & Southern Railway Company* v. *Kirtley & Gulley*, 120 Ark. 389, the court recognized that this statute was taken from New York and applied the rule that the construction of a borrowed statute is adopted with it unless contrary to the settled policy of the State adopting the statute. In that case it was held that the acceptance of an honest settlement by the client liquidated the amount of the attorney's fees. So it may be taken as settled under the ruling in that case that if Hays & Ward are entitled to recover at all in the present proceedings, the amount allowed is correct.

The act again came up for construction in the case of *McDonald, Admr.,* v. *Norton, Admr,* 123 Ark. 473. In

that case the court held that the plain meaning of the statute is that an attorney of record shall have a lien upon his client's cause of action from the commencement of the suit thereon; that this lien continues upon the cause of action until merged, and then it attaches to the thing into which the cause of action is merged.

In the case of *Peri* v. *New York Central Railway Company,* 152 N. Y. '521, 46 N. E. 849, the court said:

"This language is very comprehensive, and creates a lien in favor of the attorney on his client's cause of action, in whatever form it may assume in the course of the litigation, and enables him to follow the proceeds into the hands of third parties, without regard to any settlement before or after judgment. This is a statutory lien, of which all the world must take notice, and any one settling with a plaintiff without knowledge of his attorney does so at his own risk. *Coster* v. *Greenpoint Ferry Co.,* 5. Civ. Pro. R. (N. Y.) 146, affirmed without opinion, 98 N. Y. 660. It is urged by the defendant's counsel that this construction of the section is against public policy, as the law favors settlements; that the plaintiff's attorney might refuse to disclose his lien, and thereby stand in the way of settlement, and compel parties to litigate who desired to compromise their differences. This criticism overlooks the fact that the existence of the lien does not permit the plaintiff's attorney to stand in the way of a settlement. The client is still competent to decide whether he will continue the litigation, or agree with his adversary in the way. The lien operates as security, and if the settlement entered into by the parties is in disregard of it and to the prejudice of plaintiff's attorney, by reason of the insolvency of his client, or for other sufficient cause, the court will interfere and protect its officer by vacating the satisfaction of the judgment, and permitting execution to issue for the enforcement of the judgment to the extent of the lien, or by following the proceeds in the hands of third parties, who received them before or after judgment impressed with the lien."

(1) The statute under consideration plainly says that the attorney has a lien upon his client's cause of action which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come, and that the lien can not be affected by any settlement between the parties before or after judgment. This gives the attorney a lien for that percentage of the proceeds which his contract with his client entitled him to receive and an express statutory liability of a legal character was thereby created.

(2) The second section of the act provides a remedy for the enforcement of the lien in the same court before which the original action was instituted or in which the action may be pending at the time of the settlement or compromise. It was not necessary that the railroad company should again be served with process because the attorneys became a party to the original action by force of the statute, and the case might continue as a special proceeding to enforce the attorney's lien. This is on the same principle that the purchaser at a commissioner's sale in chancery becomes a party to the proceedings as far as his rights as purchaser are concerned and must thereafter take notice of all subsequent proceedings which affect his rights. The statute under consideration provides the remedy for the enforcement of the attorney's lien and the enforcement of the lien in the manner provided by statute is a special proceeding which was within the power of the Legislature to adopt. The constitutionality of similar statutes has been attacked because they allow the enforcement of the lien by petition or special proceeding in a law court thereby depriving the defendant of the right of trial by jury. In answer to this argument it has been said that the constitutional right of trial by jury applies only to rights that existed at common law before the adoption of the Constitution, and does not apply to new rights created by the Legislature since the adoption of the Constitution.

*In re King,* 168 N. Y. 53, 60 N. E. 1054; *O'Connor* v. *St. Louis Transit Co.,* 198 Mo. 622, 8 Ann. Cas. 703; *Wait* v. *Atchison, etc., R. Co.,* 204 Mo. 491, 103 S. W. 60; *Standidge* v. *Chicago Railways Co.,* 254 Ill. 524, 98 N. E. 963, Ann. Cas. 1913 C-65.

(3)    The act created a lien upon the cause of action in favor of the attorney, and requires the defendant to take notice of the lien and respect it. The parties to the suit have the right to make a settlement, but in making such settlement, the act requires that they shall take into consideration the fact that the attorney has a lien upon the cause of action and provides for its enforcement in the action to the end that the parties may not ignore his lien, and deprive him of his rights under his contract.

(4-5)    Counsel for the defendant also insists that that portion of the judgment attempting to charge the roadbed and equipments of defendant with a lien to secure the judgment of appellees is without authority of law. The action of the court in this respect is based upon section 6661 of Kirby's Digest. That section, among other things, provides that every person who shall sustain loss or damage to person or property from any railroad for which liability may exist at law, shall have a lien on the railroad, its belongings, equipments, etc., for said loss or damage. It is conceded that under this statute the plaintiffs in the original case, Mr. and Mrs. Burris, would have a lien on the roadbed and equipments of defendant for any judgment obtained by them, but it is insisted that the statute is not broad enough to bring the attorney's lien under its provisions. The statute giving the attorney a lien upon his client's cause of action was passed subsequent to this statute and must be construed with reference to it. The section of our statute giving the lien to an attorney is remedial in character and must be liberally construed to effectuate the purpose sought to be accomplished by its enactment. The statute provides that the right to the lien in favor of the attorney can not be affected by any settlement between the parties before or

after judgment. The lien created in favor of the attorney is not a general lien, but is a specific lien on the subject-matter of the controversy. As we have already seen, it can be preserved only by permitting judgment in favor of the attorney where a settlement has been made without his consent between the parties before judgment. The attorney's lien was given to protect his compensation by charging it against the judgment or proceeds of settlement which had been secured to his client by his services. So if the attorney is entitled to have judgment awarded against the defendant for the amount of his compensation where there has been an honest settlement between the parties, we think it follows that this judgment should be a lien upon the roadbed and equipments of the railroad company, or else the very purpose of the statute will be defeated. We think the statute creates a lien in favor of the attorney on his client's cause of action in whatever form it might assume in the course of the litigation, and enables him to assert his lien in the same manner that his client could assert against the roadbed and equipments of the railroad company.

It follows that the judgment will be affirmed.