McNEILL v. PERCY.

4-6102                                    145 S. W. 2d 32

Opinion delivered December 2, 1940.

*W. W. Hughes* and *John A. Fogleman,* for appellant.

*William A. Percy* and *Alvin E. Fink,* for appellee.

HOLT, J. March 23, 1938, appellee, T. J. Rowland, entered into a written contract with attorneys, William A. Percy and Thomas M. Keesee, whereby he agreed to pay to them for their services one-third of whatever sum might be realized in a mortgage foreclosure proceeding of Rowland against Earl H. McNeill, and in addition agreed to pay them, out of his share of the recovery, any expenses which they might properly incur.

Thereafter, in July, 1938, attorneys Percy and Keesee, with the consent of their client, T. J. Rowland, secured the services of attorney, Alvin E. Fink, to assist them, and then filed on behalf of T. J. Rowland, the foreclosure suit in the Crittenden chancery court against Earl H. McNeill. Thereafter, a judgment was secured in favor of Rowland and against Earl H. McNeill in the sum of $1,484.63. McNeill appealed to this court, and the judgment was affirmed here on October 23, 1939. See *McNeill* v. *Rowland,* 198 Ark. 1094, 132 S. W. 2d 370. December 13, 1939, the mandate from this court was entered of record in Crittenden county.

Pursuant to the terms of the original foreclosure decree of the Crittenden chancery court, dated November 15, 1938, the clerk of the Crittenden chancery court proceeded to advertise and sell the lands described in the decree, to satisfy the Rowland judgment of $1,484.63. The sale was duly made on January 3, 1940, to Simon J. McNeill for $2,000. The buyer, McNeill, executed his promissory note for the purchase price due 90 days from January 3, 1940.

January 3, 1940, appellant, S. J. McNeill, filed an intervention in this foreclosure suit in which he alleged that he had filed a suit in the Crittenden circuit court December 7, 1939, against T. J. Rowland, seeking to recover $5,544.20 and had caused a writ of garnishment to be issued in that cause and served on Earl H. McNeill on

December 9, 1939, and that Earl H. McNeill, garnishee, had on December 27, 1939, filed answer in the circuit court admitting his indebtedness to Rowland in the sum of $1,484.63.

December 11, 1939, appellees, Percy, Keesee and Fink, as attorneys for Rowland, filed notice of their claim for an attorney's lien under their contract and agreement with their client, T. J. Rowland, and thereafter on January 24, 1940, they filed petition in the foreclosure suit of T. J. Rowland against Earl H. McNeill, setting out their contract with T. J. Rowland and the services rendered by them in this cause, attaching thereto an itemized list of expenses incurred by them in connection with the litigation and prayed that a lien be declared for a sum equal to one-third of the said judgment, and in addition that a lien be declared for $189.83 for expenses incurred, and also for an additional sum of $125 for the services of attorney Fink, and that these sums be paid over to them by the commissioner, directed to make the sale, as soon as the purchase price of the property sold to enforce the decree should be paid to him.

To this petition of appellees, S. J. McNeill on February 16, 1940, filed response in which he alleged that the lien claimed by Percy, Keesee and Fink upon the judgment in favor of T. J. Rowland and against Earl H. McNeill, was inferior to his lien, which was based upon the service of garnishment upon Earl H. McNeill on December 9, 1939, in the circuit court proceedings, *supra,* and on March 18, 1940, in an amended response, denied the right of appellees, Percy, Keesee and Fink, to recover certain expense items. February 16, 1940, appellee, T. J. Rowland, filed answer to the intervention of S. J. McNeill, in which he alleged the sale of the property in the foreclosure proceedings for $2,000 on January 3, 1940; the purchaser's execution of a 90-day note for the purchase price, set out his written contract with attorneys Percy and Keesee, a list of the expenses incurred by them; alleged his indebtedness to Fink of $125, and that said attorneys' fee and expenses constituted a prior lien on the proceeds of the sale in this cause; and consented that so much of the purchase price

of said property as might be due him under the foreclosure sale, might be impounded pending the determination of the circuit court action.

March 18, 1940, the chancery court entered a decree confirming the sale of the property for $2,000 and that attorneys Percy and Keesee were entitled to a sum equal to one-third of the judgment of $1,484.63 with interest to the date of payment, as attorneys' fee; that Percy was further entitled to $119.53 for expenses incurred and paid by him in connection with the prosecution of the cause, and that attorney Alvin E. Fink was entitled to an attorney's fee of $125, and that the commissioner was directed to pay said sums to said parties as soon as the purchase price of the property was paid to him. The decree also directed that that portion of the proceeds of the sale belonging to T. J. Rowland be impounded pending the determination of the suit in the Crittenden circuit court. From this decree comes this appeal.

As stated by appellant in his brief ''The question involved on the appeal is whether the appellees, Percy, Keesee and Fink, were entitled to a lien for attorneys' fees on the judgment in favor of appellee Rowland, and, if so, if their lien was prior to the lien of the garnishment issued in favor of and at the instance of the appellant against Earl H. McNeill on the judgment herein, and, if so, whether certain items are properly allowable.''

It is undisputed that attorneys, William A. Percy and Thomas M. Keesee, entered into a written contract with their client, T. J. Rowland, whereby Rowland agreed to compensate them for their services in a foreclosure suit which these attorneys were to prosecute for Rowland against Earl H. McNeill with one-third of the recovery and in addition Rowland agreed to pay out of his share of said recovery any expenses properly incurred by them.

It is also undisputed that sometime subsequent to the date of this contract T. J. Rowland agreed to the employment of attorney Alvin E. Fink to assist in the

prosecution of the foreclosure suit against Earl H. Mc-Neill, and that his compensation should be $125.

Section 668 of Pope's Digest is in part as follows: "The compensation of an attorney or counselor at law for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or special proceeding or the service upon an answer containing a counter-claim, the attorney or counselor who appears for or signs a pleading for him in said action has a lien upon his client's cause of action, claim or counter-claim, which attaches to a verdict, report, decision, judgment or final order in his client's favor and the proceeds thereof in whosoever hands they may come; . . . Act 293 of 1909, § 1, p. 892, as amended by act 326 of 1937, approved March 25, 1937."

Under this section of the statute these attorneys had a lien on their client's cause of action from the date the complaint was filed in the foreclosure suit and summons issued thereon. *Union Sawmill Company* v. *Pace, Campbell & Davis,* 163 Ark. 598, 260 S. W. 428. As to the nature of this lien, this court in *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Hays & Ward,* 128 Ark. 471, 195 S. W. 28, said: "The lien created in favor of the attorney is not a general lien, but is a specific lien on the subject-matter of the controversy." This lien not only included, and covered, the stipulated one-third of the amount that might be recovered, but it also included all expenses properly incurred by the attorneys in the course of the litigation. If the expenses contracted for can be termed a part of the fee, then they would certainly come within the purview of the statute. We think such was the intention of the contracting parties here and that any expenses properly incurred are a part of the fee.

This was the effect of the holding of this court in *Midland Valley Rd. Company* v. *Johnson,* 140 Ark. 174, 215 S. W. 665. It was there said: "It is also insisted that the court erred in allowing $10 expense money and including it in the lien. It is true the statute only allows a lien for attorney's fees based upon valid con-

tracts of employment, express or implied, but if the expenses contracted for are a part of the fee, they come within the purview of the statute. A contract of fifty per cent. of the amount recovered and one-half of the attorney's expenses, as in the instant case, must be regarded as a contract including expenses as a part of the fee.''

While it is true that attorney Fink had no written contract with Rowland, it is undisputed that Rowland agreed to pay him $125 to assist in the cause and this charge for his services, we think, should be considered as one of the expenses properly incurred in the prosecution of the cause by attorneys Percy and Keesee for their client, T. J. Rowland, and therefore should be embraced in the attorneys' lien.

Having reached the conclusion that the lien claimed by appellee attorneys is a valid one, we must now decide whether it is superior to the garnishment lien of appellant, S. J. McNeill.

Section 669 of Pope's Digest outlines the method of enforcing an attorney's lien and is as follows: ''The court before which said action was instituted, or in which said action may be pending at the time of settlement, compromise, or verdict, upon the petition of the client or attorney, shall determine and enforce the lien created by this act. Act 293 of 1909, § 2, p. 892.''

It is our view that this section provides the only method by which the lien in question may be enforced. Appellant, however, urges that § 427 of the Civil Code, which appears never to have been brought forward in any of our digests, controls the method of preserving and enforcing the lien. It is our view that § 427 of the Code was repealed—while not directly so, at least by implication—by § 2 of act 293 of 1909 [now § 669 of Pope's Digest] and that we must look to the provisions of this section for the enforcement of this lien.

In the instant case it appears that the above provisions were literally complied with; these attorneys filed their petition in the Crittenden chancery court, the court in which the action was instituted and at a time when the

action was still pending. The fact that the service of appellant's garnishment antedated the petition of appellee attorneys to establish their lien, could not effect their right to have their lien declared to be superior to appellant's garnishment, and enforced against the judgment which they procured for their client Rowland. Their lien attached and dated from the filing of the complaint and the issuance of summons thereon.

Appellant next questions certain items allowed by the trial court as proper items of expense. Appellees sought to recover, as proper expense items, a total sum of $189.83. The trial court, however, after a careful scrutiny of all of these various items, reduced the amount claimed from $189.83 to $119.53 and allowed recovery for that amount. We think it could serve no useful purpose to take up for consideration in this opinion these various items. Suffice it to say that after a review of the trial court's findings in this regard, we cannot say that any error has been committed by him in allowing, and refusing to allow, certain items.

On the whole case, finding no error, the decree is affirmed.