■ In the Matter of the Estate of ROBERT GOELET, Deceased. ROBERT GOELET, JR., Appellant; LYNN M. GOELET et al., Respondents.— The order dated July 18, 1968, modifying the decree entered June 7, 1967, as modified by the order of this court dated October 19, 1967, is modified on the law, the facts and in the exercise of discretion, to provide, in lieu of the first decretal paragraph, that the executors and trustees shall not be obliged to make further payments to petitioner-respondent, and by deleting the third decretal paragraph of said order, and, as so modified, affirmed, without costs and without disbursements. The proposed order of respondent-appellant provides for a direction

to the executors and trustees "not to make any payment to the petitioner". Respondent-appellant is not entitled to more relief in this aspect of the case than that sought below. Respondent-appellant is entitled to the termination of further support payments on the part of the executors and trustees because of the remarriage of petitioner-respondent. (*Matter of Goelet,* 28 A D 2d 149.) That part of the proposed order of respondent-appellant which seeks an accounting by petitioner-respondent as to moneys paid by the executors and trustees is in the nature of restitution, a summary remedy, which is a matter of discretion. (*Golde Clothes Shop* v. *Loew's Buffalo Theatres,* 236 N. Y. 465, 472; *Merriam* v. *Wood & Parker Lithographing Co.,* 155 N. Y. 136, 140; *Pittsfield Nat. Bank* v. *Bayne,* 140 N. Y. 321, 328; *Market Nat. Bank* v. *Pacific Nat. Bank,* 102 N. Y. 464, 466.) The payments made to petitioner-respondent derive from accrued income payable to respondent-appellant as income beneficiary. To the extent of said accruals, they were alienable and without the scope of the restriction of EPTL 7–1.5. (*Matter of Stern,* 13 Misc 2d 605, 608; *Matter of Lynch,* 151 Misc. 549, 551, 552.) Under the separation agreement of April 5, 1956, regardless of the remarriage of petitioner-respondent, respondent-appellant is required to pay 10% of the income he receives from the trust until petitioner-respondent has received the total sum of $25,000, and thereafter he is required to pay 5% of such income. Respondent-appellant seeks no relief against respondents executors and trustees in respect of the accounting or restitution and the latter have not appealed and do not appear to be interested except as possible stakeholders. The remarriage of petitioner-respondent long prior to the institution of this proceeding was known to respondent-appellant and his attorneys prior to its commencement. Nevertheless, and for reasons which do not appear, respondent-appellant did not assert the remarriage as a bar to the relief sought by petitioner-respondent either before the Surrogate or on the prior appeal to this court. The remarriage is not, therefore, newly discovered evidence entitling respondent-appellant to the retroactive relief here sought. (*Oakdale Contr. Co.* v. *City of New York,* 262 App. Div. 494.) Concur — Eager, J. P., Markewich and McNally, JJ.; McGivern, J., concurs in part in the following memorandum. I concur in the conclusion that the decree must be modified. But in my judgment, it must be determined that the legal obligation of the trustees of the testamentary trust to pay the petitioner wife any sums at all terminated with her remarriage on February 15, 1958. This is in conformity with established law; *Wetmore* v. *Wetmore,* 162 N. Y. 503, and more recently articulated by this tribunal in *Matter of Goelet* (28 A D 2d 149, 152) per Steuer, J., wherein it was said: "No benefit from a spendthrift trust is legally assignable except for the support of a member of the assignor's family. In contemplation of law petitioner would cease to be such a person on her remarriage." The learned Surrogate himself embraced this principle, when in his opinion herein he said: "It is the remarriage that destroys the family relationship and forfeits the former wife's equitable right to participate in the benefits her former husband receives under the will." And then, continuing, he (the Surrogate) quotes with approval from *Matter of Byrne* (N. Y. L. J., June 24, 1939), to the effect that the petitioner having remarried had "forfeited any right to participate in the income of her former husband who is the beneficiary of the trust." Thus, we should direct that the obligation of the trustees ceased as of the time of the wife's remarriage and an appropriate order should be entered accordingly.