Larry FROELICH *v.* Billy Dean GRAHAM

01-1310                                        80 S.W.3d 360

Supreme Court of Arkansas
Opinion delivered July 5, 2002

*George D. Oleson,* for appellant.

*Hirsch Law Firm, P.A.,* by: *E. Kent Hirsch,* for appellee.

R AY THORNTON, Justice. This appeal stems from appellant Larry Froelich's attempt to collect unpaid attorney's fees through the imposition of an attorney's lien on funds that his client, Nita Cox, gave to appellee, Billy Graham.

Nita and Walter Cox were divorced in 1984. The divorce decree required that Walter pay $2,000 per month in alimony until Nita's death or remarriage. Walter stopped making payments after the December 1997 installment. Nita Cox engaged the services of appellant, the attorney who had handled the divorce of her boyfriend, Billy Dean Graham, and on March 2, 1998, Nita petitioned to have Walter found in contempt and the arrearage reduced to judgment. In his response, Walter admitted that he had stopped making the payments; however, he affirmatively asserted that for the past eighteen months, Nita and Mr. Graham had been holding themselves out as husband and wife and that they were, in fact, lawfully married.

The case was heard on three separate days. During the hearing, Nita and Mr. Graham testified. Between the second hearing day, November 6, 1998, and the third, December 4, 1998, Walter's trial counsel became aware of a decision of the Arkansas Supreme Court, *Herman v. Herman,* 335 Ark. 36, 977 S.W.2d 209 (1998), which was handed down on November 4, 1998. He concluded that it made Walter's *de facto* marriage defense untenable, and he announced to the court at the December 4 hearing that he would tender a check for $23,642.71 to Ms. Cox. The remaining issues were submitted to the chancellor.

Nita gave the check, which she received from Walter, to Mr. Graham. On December 8, 1998, Mr. Graham deposited this check into his bank account.

On January 14, 1999, appellant filed notice of an attorney's lien, asserting that, according to his agreement with Ms. Cox, he had accrued fees and expenses and that, pursuant to Ark. Code Ann. § 16-22-304 (Repl. 1999), an attorney's lien attached to the settlement check that Walter had paid to Nita.

In a letter opinion, filed on February 24, 1999, the chancellor found Walter in willful contempt and awarded Nita $2,200 in attorney's fees.

On April 1, 1999, appellant petitioned to enforce the attorney's lien against the alimony settlement. In a letter order, the chancellor found that the petition for contempt based on Walter's unilateral termination of alimony constituted a cause of action that was separate and distinct from the causes of action concerning the issues of whether alimony should be continued or terminated and whether Walter had violated other orders of the court. The chancellor further found that $2,200, the amount that he had previously awarded for the contempt and that had already been paid to appellant, constituted a reasonable attorney's fee for the "cause of action involving the contempt proceeding" as it related to Walter's failure to pay spousal support. The chancellor concluded that the Arkansas Attorney's Lien Law did not give appellant an attorney's lien on the $23,642.71 check for back alimony.

This decision was appealed to our court of appeals. On appeal, appellant contended that the trial court erred in refusing to enforce his attorney's lien because all of Ms. Cox's claims were inextricably connected to the principal claim. On December 20, 2000, in an unpublished opinion, the court of appeals held that appellant had properly secured an attorney's lien, and remanded the matter to the chancery court to determine the amount of attorney's fees to which appellant was entitled.

On remand, the chancellor found that appellant was entitled to $8,486 in attorney's fees. He further concluded that appellant could not look to the check Ms. Cox had tendered to Mr. Gra-

ham for payment of those fees. The chancellor found that appellant could not make a claim to the $23,000 check that Ms. Cox gave to Mr. Graham because he did not have knowledge that appellant "was making any claim to the monies."

It is from this order that appellant appeals. We reverse the chancellor and remand the matter to the court for further proceedings.

On appeal, appellant argues that the chancellor erred when he refused to impose an attorney's lien on a settlement check that appellant's client gave to appellee. The chancellor, in denying appellant's requested lien, found:

[T]he evidence presented at the hearing simply does not prove that Mr. Graham had knowledge that petitioner was making any claim to the monies (in the form of a $23,000 check) which was endorsed to Mr. Graham and became his property. Therefore, Mr. [Froelich] is not entitled to a judgment against Mr. Graham.

An attorney's lien is created by complying with Ark. Code Ann. § 16-22-304. The statute in relevant part provides:

(a)(1) From and after service upon the adverse party of a written notice signed by the client and by the attorney at law, solicitor, or counselor representing the client, which notice is to be served by certified mail, a return receipt being required to establish actual delivery of the notice, the attorney at law, solicitor, or counselor serving the notice upon the adversary party *shall have a lien upon his client's cause of action, claim, or counterclaim, which attaches to any settlement, verdict, report, decision, judgment, or final order in his client's favor, and the proceeds thereof in whosoever's hands they may come.*

(2) The lien cannot be defeated and impaired by any subsequent negotiation or compromise by any parties litigant.

(3) However, the lien shall apply only to the cause or causes of action specifically enumerated in the notice.

(b) *In the event that the notice is not served upon the adverse party* by an attorney at law, solicitor, or counselor representing his client, *the same lien created in this section shall attach in favor of the attorney at law, solicitor, or counselor from and after the commencement of an action or special proceeding* or the service upon an answer containing a counterclaim, in favor of the attorney at law, solicitor, or counselor who appears for and signs a pleading for his client in the

action, claim, or counterclaim in which the attorney at law, solic-
itor, or counselor has been employed to represent the client.

\* \* \*

(d) The court or commission before which an action was
instituted, or in which an action may be pending at the time of
settlement, compromise, or verdict, or in any chancery court of
proper venue, upon the petition of the client or attorney at law,
shall determine and enforce the lien created by this section.

*Id.* (Emphasis added.)

We have explained that an attorney's lien is an interest
in the judgment of which the attorney cannot be deprived. *Camp
v. Park*, 226 Ark. 1026, 295 S.W.2d 613 (1956). We have further
explained that an attorney's lien is based on equitable principles
establishing that an attorney's lien is based on the natural equity
that a plaintiff should not be allowed to appropriate the whole of a
judgment in his favor without paying for the services of his attor-
ney who assisted in obtaining such judgment. *Id.*

An attorney's lien is created on the day their client's
cause of action is filed. *McNeil v. Percy*, 201 Ark. 454, 145 S.W.2d
32 (1940). This lien takes priority over debts that the attorney's
client owes to other creditors even if the creditor's claim predates
the assertion of a right to enforce the attorney's lien. *Id.* The idea
that an attorney's lien takes priority over a third-party creditor was
addressed in *McCain v Portis*, 42 Ark. 402 (1883), where we held:

> [A] solicitor, in consideration of his trouble and the money he
> disburses for his client, has a right to be paid out of the duty
> decreed for the plaintiff, and a lien upon it, before the bond
> creditors. . .[.]

*Id.*

In *St. Louis, I. M. & S. RY. Co. v. Hays & Ward*, 128
Ark. 471, 195 S.W.2d 28 (1917), while discussing our attorney's
lien statute, we held:

> This language is very comprehensive and creates a lien in favor of
> the attorney on his client's cause of action, *in whatever form it may
> assume in the course of the litigation, and enables him to follow the pro-*

*ceeds into the hands of third parties,* without regard to any settlement before or after judgment.

\* \* \*

The lien operates as security, and if the settlement entered into by the parties is in disregard of it and to the prejudice of plaintiff's attorney, by reason of the insolvency of his client, or for other sufficient cause, the court will interfere and protect its officer by vacating the satisfaction of judgment and permitting execution to issue for the enforcement of the judgment to the extent of the lien, or by following the proceeds in the hands of third parties, who received them before or after judgment impressed with the lien.

*Id.* (Emphasis added.)

An attorney's lien follows the judgment into whatever form it may assume. *See Porter v. Taylor,* 36 Ark. 591 (1880) (holding that even though the complaint sought money damages and land was actually recovered the attorney's lien attached to the land). We have also noted that an attorney's lien cannot be defeated by the insolvency of the client. The assignees of the insolvent can only take his property subject to the claims by which it was affected as against him. *McCain, supra.*

After reviewing the foregoing legal principles, we conclude that appellant may attach his attorney's lien to the check that appellee received from Ms. Cox. Specifically, we hold that a perfected attorney's lien attached to the check that Ms. Cox received as a result of appellant's efforts to recover her back alimony. This lien was not defeated by Ms. Cox transferring the check to appellee. Finally, we conclude that any debt Ms. Cox owed appellee was secondary to appellant's attorney's lien.

Having determined that an attorney's lien may be attached to a settlement check that has been transferred to a third party, we must now determine whether the chancellor erred in requiring appellant to give appellee notice of his attorney's lien. Arkansas Code Annotated 16-22-304 does not require an attorney to give notice of his lien to a third party or to his client's creditor.

■ Our case law has also held that an attorney is not required to give notice of his attorney's lien to third parties or creditors. In *Sexton v. Pike*, 13 Ark. 193 (1852) we explained:

> As against the assignee of the judgment, his equity is in no way created, nor is it easy to conceive why it should be necessary to enhance it by notice to him, either express or implied, to say nothing of the impracticability of such a duty in general, even when he might suspect that his client designed to assign the judgment. It already exists, and adheres in, and is interwoven with his legal rights, and is asserted as against the defendant under their auspices, and needs not be enhanced as against the assignee of the judgment, because being prior, it is already paramount to his equity-the assignee's rights being equitable only and not legal, as we have heretofore distinctly held of assigned judgments.
>
> * * *
>
> And whether the attorney proceeds against the defendant in the judgment after thus fixing his liability or against the assignee of the plaintiff, who has discharged the judgment either fraudulently or on receiving the avails, he is regarded by a court of equity as himself an assignee of the judgment to the extent of his lien, and is afforded relief in the one case by considering the payment made by the defendant in his own wrong and nugatory to the extent of the attorney's lien, and in the other case, by decreeing against the assignee the sum received by him to the attorney's use, or to which he was entitled, all such liens as well as rights of assignees having been originally protected and enforceable in equity, only, although subsequently adopted at law.

*Id*. (Internal citations omitted.)

■ Our case law has also explained that notice is not required to assignees of a judgment because: (1) they should know that there was a pending law suit; (2) they should know that there are costs associated with litigation; and (3) they should inquire as to whether the attorney has been paid for services rendered before accepting the assignment. *McCain, supra*.

■ Remaining mindful of Ark. Code Ann. § 16-22-304 and our case law, we conclude that the chancellor erred when it

found that appellant's attorney's lien could not be enforced upon the check Ms. Cox gave appellee based on a lack of notice to appellee.[1] As the statute and cases demonstrate, there is no notice required to enforce an attorney's lien. Once appellant filed the petition for citation of contempt on behalf of Ms. Cox, an attorney's lien attached to any judgment Ms. Cox received as a result of appellant's work. Because appellant had a lien against the check appellee received from Ms. Cox, that lien followed the proceeds into appellees' hands subject only to such affirmative defenses as might be shown by appellee. Accordingly, we reverse the chancellor's findings and remand this matter to the trial court for a development of the issues and to determine whether appellee has any affirmative defenses that would invalidate the lien.

Reversed and remanded.

HANNAH, J., not participating.

Special Associate Justice MARK ALLISON joins in this opinion.

GLAZE, J., dissents because appellant Larry Froelich waived his right to an attorney's lien.

---

[1] We note that in a point raised by appellee, it is argued that appellant should not be permitted to enforce his attorney's lien because he failed to take steps to protect his interest in the settlement check. Specifically, appellee argues that appellant should have either: (1) retained actual physical possession of the check; or (2) put the money in the registry of the court. There is no requirement in the statute or case law that mandates that an attorney must place property, to which he seeks to imposes a lien, in the registry of the court. Additionally, there is no requirement that an attorney must take actual possession of property to which he seeks to impose a lien. Accordingly, appellee's argument is misplaced.